No. 56,462

STATE OF KANSAS, *Appellee,* v. TABER D. ADKINS, *Appellant.*

(689 P.2d 880)

Opinion filed October 26, 1984.

*Ralph J. De Zago,* of Junction City, argued the cause and was on the briefs for appellant.

*Lloyd R. Graham,* assistant county attorney, argued the cause, and *Steven L. Opat,* county attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: Following pleas of nolo contendere, defendant Taber D. Adkins was found guilty of aggravated kidnapping (K.S.A. 21-3421); aggravated sodomy (K.S.A. 21-3506); and attempted first-degree murder (K.S.A. 21-3401, 21-3301). The crimes occurred on May 31, 1983, in Junction City. The victim was a six-year-old girl. In his direct appeal, defendant contends: (1) the trial court abused its discretion in refusing to commit him to a state mental institution for treatment pursuant to K.S.A. 22-3430 in lieu of imprisonment; and (2) K.S.A. 1983 Supp. 21-4608(1) is unconstitutional as it grants unlimited power to a trial judge to impose consecutive sentences.

We shall first consider the claim of abuse of trial court discretion in refusing defendant's request to be committed to a state mental institution in lieu of sentencing.

K.S.A. 22-3430 provides:

"If the report of the examination authorized by the preceding section [K.S.A. 22-3429] shows that the defendant is in need of psychiatric care and treatment and that such treatment may materially aid in his rehabilitation and that the

defendant and society is not likely to be endangered by permitting the defendant to receive such psychiatric care and treatment, in lieu of confinement or imprisonment, the trial judge shall have power to commit such defendant to any state or county institution provided for the reception, care, treatment and maintenance of mentally ill persons. The court may direct that the defendant be detained in such institution until further order of the court or until the defendant is discharged under K.S.A. 22-3431. No period of detention under this section shall exceed the maximum term provided by law for the crime of which the defendant has been convicted. The trial judge shall, at the time of such commitment, make an order imposing liability upon the defendant, or such person or persons responsible for the support of the defendant, or upon the county or the state, as may be proper in such case, for the cost of admission, care and discharge of such defendant.

"The defendant may appeal from any order of commitment made pursuant to this section in the same manner and with like effect as if sentence to a jail, or to the custody of the director of penal institutions had been imposed in this case."

Defendant filed a notice of intent to rely on the defense of insanity pursuant to K.S.A. 22-3219. In conjunction with the insanity defense, defendant was examined by three psychiatrists and one psychologist. In essence, each found defendant was legally sane at the time of the commission of the offenses and that his unlawful behavior was alcohol related as opposed to being the result of any major underlying mental illness. The experts included considerable material relative to defendant's background and current psychological condition in their respective reports. At the subsequent sentencing, the psychologist testified he felt defendant would benefit from long-term psychiatric treatment in the Larned State Security Hospital. The parties stipulated that the psychiatric and psychological reports prepared relative to the aborted attempt at an insanity defense should be used by the court in lieu of the psychiatric report of examination specified in K.S.A. 22-3429 in considering defendant's request for hospitalization in lieu of sentencing pursuant to K.S.A. 22-3430.

In the rather amorphous argument offered in support of defendant's contention that the trial court abused its discretion in this regard, the following themes predominate: (1) It is not fair to imprison a man for crimes he cannot remember committing, notwithstanding the fact consumption of alcohol is the sole cause of the memory loss; (2) the nature of the crimes is so heinous that, per se, psychiatric treatment should be imposed rather than imprisonment; (3) the trial court should have disregarded the stipulated-to psychiatric evidence and original psychological

report and considered only the psychologist's testimony at the sentencing hearing; and (4) defendant's request to be committed was reasonable and its denial did not benefit anyone.

It should be emphasized K.S.A. 22-3430 grants authority to the trial judge to order commitment in lieu of imprisonment only where the required report shows:

"[T]he defendant is in need of psychiatric care and treatment and that such treatment may materially aid in his rehabilitation and that the defendant and society is not likely to be endangered by permitting the defendant to receive such psychiatric care and treatment . . . ."

The trial judge is not required to order commitment where the report is in compliance with the statute. The statute permits an appeal by a defendant committed thereunder but does not authorize an appeal from a refusal to order a commitment. The statute does not require a trial judge to make any findings in invoking or refusing to invoke the statute. K.S.A. 22-3430, then, is a conditional grant of authority to a trial judge. It grants no right of entitlement to a defendant to be committed as opposed to imprisoned.

As previously noted, the parties stipulated that the mass of psychiatric and psychological evidence before the court should be used by the court as a substitute for the single report by an institution contemplated by K.S.A. 22-3429. On appeal defendant claims the court erred in considering the all of such evidence as opposed to a portion thereof favorable to his position. This argument is wholly lacking in merit.

We conclude the refusal to commit under K.S.A. 22-3430 is wholly a matter of trial court discretion and is not reviewable on appeal. We note that the report of the Kansas Reception and Diagnostic Center prepared subsequent to the sentencing herein does not find any serious mental disorder.

For his second issue defendant contends K.S.A. 1983 Supp. 21-4608(1) is unconstitutional as it grants unlimited power to a trial judge to impose consecutive sentences.

The sentences imposed were as follows: aggravated sodomy—ten years to life; aggravated kidnapping—life; attempted first-degree murder—ten years to life. The aggravated kidnapping and aggravated sodomy sentences were ordered to be served concurrently. The attempted murder sentence is to be served consecutively to the other two sentences.

K.S.A. 1983 Supp. 21-4608(1) provides:

"When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences or probation have been revoked, such sentences shall run concurrently or consecutively as the court directs."

Specifically defendant contends:

"[T]his section [K.S.A. 1983 Supp. 21-4608(1)] is unconstitutional on its face as violative of the principle of substantive due process which is guaranteed the defendant and others similarly situated under the 5th and 14th Amendments to the United States Constitution and allied portions of the Kansas Constitution and Bill of Rights. Specifically, [defendant] claims that the power granted as to the judge to run sentences consecutively amounts to arbitrary power in the judge, since nowhere in the Kansas Code of Criminal Law regarding sentencing or anywhere else that defendant can find is the power given in K.S.A. 21-4608(1) checked in any way by any criteria or guidance as to when consecutive sentences should be given or as to what factors should be taken into account to determine whether sentences should be ordered concurrent or consecutive."

Defendant's position on this issue is predicated upon the proposition that the sentencing criteria set forth in K.S.A. 21-4606 are inapplicable to a trial court's consideration of whether the terms are to run concurrently or consecutively.

K.S.A. 21-4606 provides:

"(1) In sentencing a person to prison, the court, having regard to the nature and circumstances of the crime and the history, character and condition of the defendant, shall fix the lowest minimum term which, in the opinion of said court, is consistent with the public safety, the needs of the defendant, and the seriousness of the defendant's crime.

"(2) The following factors, while not controlling, shall be considered by the court in fixing the minimum term of imprisonment;

"(a) The defendant's history of prior criminal activity;

"(b) The extent of the harm caused by the defendant's criminal conduct;

"(c) Whether the defendant intended that his criminal conduct would cause or threaten serious harm;

"(d) The degree of the defendant's provocation;

"(e) Whether there were substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;

"(f) Whether the victim of the defendant's criminal conduct induced or facilitated its commission;

"(g) Whether the defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained."

In *State v. Buckner*, 223 Kan. 138, 574 P.2d 918 (1977), the defendant was convicted of three counts of aggravated robbery and sentenced (utilizing enhanced sentencing) to three consec-

utive terms of 30 years to life. One of the issues on appeal was a claim the sentences were excessive. This court stated:

"We are not unmindful of the longstanding rule in Kansas, as held repeatedly by this court, that a sentence which lies within the statutory limits as set forth by the legislature will not be disturbed on appeal in the absence of special circumstances showing an abuse of discretion. (*State v. Steward*, 219 Kan. 256, 547 P.2d 773.) We adhere to that rule and do not intend to overrule the numerous previous decisions which have so held.

.  .  .  .

" 'The discretion lodged within a court is not a boundless, but a judicial, discretion. It is a discretion limited to sound judgment to be exercised, not arbitrarily, but with regard to what is right and equitable under the circumstances and the law.' (*State v. Collins*, 195 Kan. 695, 700, 408 P.2d 639.)

"This court, as well as others throughout the country, has become increasingly concerned with the disparity of sentences imposed by the various trial courts for comparable offenses  .  .  .  .  This disparity exists not only among various states, but also judicial districts within the state and even among various judges within the same district. One of the recommended standards of the American Bar Association is:

" '2.3(c) The sentencing judge should be required in every case to state his reasons for selecting the particular sentence imposed. Normally this should be done for the record  .  .  .  .'

.  .  .  .

"The legislature has dictated, in K.S.A. 21-4606, certain minimum factors to be considered in imposing sentence. Although the statute may not require it, we feel that when the sentence exceeds the minimum, it is better practice for the trial court to make, as part of the record, a detailed statement of the facts and factors considered by the court in imposing sentence. Such a record would be of great assistance to the appellate courts in determining whether the trial court has abused its discretion. 'Absent a statement of reasons, the record will not reveal whether the legislatively mandated factors have been considered.' " 223 Kan. at 150-51.

Buckner's aggregate sentences contained three elements— statutory terms for the crimes of which he was convicted plus enhancement under the Habitual Criminal Act (21-4504) plus the running of the terms consecutively (21-4608[1]). In reviewing the total sentences to determine whether the trial court had abused its discretion, no distinction was made among the various elements contained in the aggregate sentences. The court concluded:

"Under the particular facts and circumstances of this case, the imposition of three thirty-year-to-life consecutive sentences, though within the limits of the statutes, constituted an abuse of judicial discretion and such sentence must be set aside and the case remanded for resentencing in accordance with the directions in the opinion." 223 Kan. 138, Syl. ¶ 8.

In *State v. Goering,* 225 Kan. 755, 594 P.2d 194 (1979), defendant claimed imposition of six consecutive sentences constituted an abuse of discretion. This court cited its previous holdings in *State v. Buckner,* 223 Kan. 138, and held:

"A sentence which is within the statutory limits as set forth by the legislature will not be disturbed on appeal in the absence of special circumstances showing an abuse of discretion." Syl. ¶ 8.

" "The discretion in imposing sentences which is lodged with a court is not a boundless, but a judicial, discretion. It is a discretion limited to sound judgment to be exercised, not arbitrarily, but with regard to what is right and equitable under the circumstances and the law." Syl. ¶ 9.

"Under the particular facts and circumstances of this case, the imposition of six consecutive sentences upon the defendant, who was the driver of the getaway car, and who had no prior criminal record, though within the limits of the statutes, constituted an abuse of judicial discretion, and such sentence is set aside, and the case is remanded with directions that the defendant be resentenced." Syl. ¶ 10.

In *State v. Case,* 228 Kan. 733, 620 P.2d 821 (1980), this court stated:

"Finally, appellant argues the court committed error in its sentencing. The State asked for the imposition of the habitual criminal act based upon four prior felony convictions. Appellant contends the court did not follow the requirements of K.S.A. 21-4606 which provides criteria for fixing minimum terms. The record does not support the argument as the court fully complied with the statute. Appellant was sentenced to life in prison for each murder conviction, 30 years to life on the aggravated arson conviction, 10 to 30 years for aggravated burglary and one year for misdemeanor theft. The sentences are to run consecutively. In *State v. Buckner,* 223 Kan. 138, Syl. ¶ 6, 574 P.2d 918 (1977), this court held:

" 'When a sentence is fixed by the trial court, within permissible limits of the applicable statutes, the sentence is not erroneous and in the absence of special circumstances showing an abuse of judicial discretion will not be disturbed on appeal.'

The sentences imposed, while lengthy, are within the limits set by the statutes and considering the heinous nature and the severity of the crimes, we cannot say the trial court abused its discretion." 228 Kan. at 739-40.

The sentencing criteria set forth in K.S.A. 21-4606 apply to a trial court's determination of *the sentence* to be imposed and *the sentence* includes whether multiple terms of imprisonment are to be served consecutively or concurrently. Having concluded the basic contention from which defendant's constitutional challenge to K.S.A. 1983 Supp. 21-4608(1) arises is itself erroneous, we do not reach any constitutional issue.

It is clear from the record the trial court considered the

sentencing criteria in imposing the sentences herein. The facts involved in the crimes are heinous. Defendant took a six-year-old neighbor girl to his apartment. While there she was raped or sodomized (her appalling injuries precluded exact medical determination as to which crime or both had been committed). The victim was bludgeoned about the head causing severe head injuries. She was then placed in a locked closet within the padlocked apartment and left to die. She was discovered by police and skillful medical attention including multiple surgical procedures saved her life.

We have reviewed the record and find no abuse of discretion in the sentences imposed herein.

The judgment is affirmed.

PRAGER, J., concurs in the result.