STATE of Iowa, Appellee,

v.

Charles H. JACOBS, Appellant.

No. 00–1150.

Supreme Court of Iowa.

Dec. 19, 2001.

Rehearing Denied Feb. 7, 2002.

Jerald W. Kinnamon and Jon M. Kinnamon of Kinnamon, Kinnamon, Russo & Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Fred H. McCaw, County Attorney, and Christine Corken, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, Charles H. Jacobs, appeals from the sentence imposed following remand from this court's determination on a prior appeal. On that appeal we vacated defendant's sentence and remanded for resentencing. *State v. Jacobs,* 607 N.W.2d 679 (Iowa 2000). On remand the district court imposed the same sentence that it had handed down prior to the first appeal. Defendant contends that in resentencing him the court erred in (1) failing to apply the Americans with Disabilities Act; (2) failing to combine certain counts so as to provide a single offense; (3) imposing consecutive sentences in the absence of sufficient enhancing factors and in the absence of findings of fact as to enhancing factors; (4) giving insufficient reasons for consecutive sentences; and (5) failing to recuse based on prior attitudes toward defendant's culpability. We have considered each of these claims and affirm the judgment of the district court.

Defendant has been convicted of eight counts of first-degree theft, six counts of second-degree theft, one count of third-degree theft, six counts of money laundering, one count of perjury, four counts of first-degree fraudulent practice, one count of second-degree fraudulent practice, one count of falsifying a public document, and two counts of forgery. Under the applicable statutes, these offenses provided for prison sentences totaling 212 years. The district court originally imposed a combination of consecutive and concurrent sentences, which resulted in a total period of incarceration not to exceed thirty years. After that sentence was vacated on the prior appeal and the case remanded, the district court again imposed that sentence.

## I. Scope of the Remand Mandate.

■ At the outset we consider the State's argument that the only matter for the trial court to act upon under our remand order was to attempt to cure the deficiency that resulted in a vacation of the original sentence. That deficiency was a failure to state sufficient reasons on the record for imposing consecutive sentences. The remand order was not, the State contends, an invitation to the court to reconsider all aspects of defendant's sentence. We agree with the State's suggestion that a limited mandate would have been acceptable as a result of the narrow basis for vacating defendant's sentence. However, we are unable to read that conclusion into our remand order from the first appeal.

Our remand order simply stated "sentences vacated, and the case remanded for resentencing." The district court treated the remand order as calling for a reconsideration of all of the discretionary aspects for sentencing based on the offenses for which defendant was convicted. We believe the district court was empowered to proceed in that manner under the remand order and that, as a result, defendant may challenge all of the discretionary aspects of sentencing on this appeal. That does not hold true with respect to the legal restrictions on sentencing that were presented and decided on the first appeal.

## II. Whether the Trial Court Erred in Failing to Consider the Americans With Disabilities Act in Determining Mitigation of Punishment or Appropriate Placement Among Sentencing Alternatives.

■ Defendant argues that because defendant has been diagnosed as suffering from a bipolar disorder the district court erred in failing to apply the Americans with Disabilities Act as a factor of mitigation in sentencing or in determining placement options. In support of this claim, defendant relies on *Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 118 S.Ct. 1952, 141 L.Ed.2d 215 (1998). Our review of that decision convinces us that it only mandates that specific services otherwise provided to prison inmates shall not be denied as the result of a disability. The defendant here has been denied no service because of his disability.

The court found placement in the community inappropriate because of the nature of his criminal conduct. The fact of defendant's disability, if any, did not play any role in that decision. Defendant has failed to demonstrate that the sentence discriminated against him based on a real or supposed disability.

## III. Whether the Court Was Required to Merge Multiple Offenses Into a Single Offense.

■ Defendant urges that the district court should have combined multiple counts of theft, fraudulent practices, and forgery into a single offense for purposes of imposing judgment and sentence. He bases his contention on Iowa Code sections 714.3, 714.14, and 715A.7 and on double-jeopardy and double-punishment theories.

Section 714.3 (1997) provides in part:

If money or property is stolen from the same person or location by two or more acts, or from different persons by two or more acts which occur in approximately the same location or time period so that the thefts are attributable to a single scheme, plan or conspiracy, these acts may be considered a single theft and the value may be the total value of all the property stolen.

A similar aggregation provision is contained in section 714.14 with respect to fraudulent-practice offenses. Section 715A.7 involving forgery convictions provides, in part, "[t]he court may consider separate verdicts of guilty returned at the

same time as one offense for the purpose of sentencing."

There are at least two reasons why these statutes do not support defendant's claim that the sentencing judge was required to combine multiple convictions into a single offense. First, the type of statute that sections 714.3 and 714.14 represent involves prosecutorial charging discretion rather than the determination of guilt or sentencing on offenses that have been charged. *See State v. Chrisman,* 514 N.W.2d 57, 59 (Iowa 1994) (viewing section 714.3 as involving prosecutorial discretion and concluding that "the prosecution is not required to accumulate thefts no matter how closely they may be connected"). Section 715A.7, although purportedly granting the court authority to combine offenses, is written in a manner that must be interpreted as making that determination discretionary. In the present case, the sentencing judge recognized the existence of these statutes and stated on the record that, if he had authority to aggregate separate counts into single convictions, he declined to do so.

A more fundamental reason for rejecting defendant's argument is that it attempts to alter the determination of substantive guilt that was established in the court's findings and judgment following a bench trial. He is arguing that the court must now alter multiple convictions in a manner that the conviction of several offenses now constitutes the conviction of one offense. This argument does not go to sentencing discretion but rather involves the determination of guilt as to separately charged offenses. For that reason, these claims were re-quired to be made in defendant's original appeal and cannot be coupled with the sentencing considerations that the court was required to make on remand. Similarly, defendant may not now urge double-jeopardy and double-punishment arguments that were advanced and rejected at the original appeal.

## IV. Whether the Imposition of Consecutive Sentences Violated Due Process Based on Improper Fact–Finding.

■ Defendant urges that Iowa Code section 901.8, authorizing consecutive sentences, violates the due process clause of the federal constitution because it authorizes consecutive sentences without requiring aggravating factors to be alleged in the indictment or information and without requiring proof of such factors beyond a reasonable doubt. This claim is based primarily on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

■ The Court in *Apprendi* held that the Fifth Amendment due process clause and the Sixth Amendment notice and jury trial guarantees require that any fact other than a prior conviction that increases the maximum penalty for a crime must be charged in an indictment or information, submitted to a jury, and proved beyond a reasonable doubt. *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.[1] This cannot be avoided by labeling a statutory condition for a particular sentence as a "sentencing consideration" rather than an element of the crime. *Id.* at 494, 120 S.Ct. at 2365, 147 L.Ed.2d at 457.[2]

---

1. Our rules of criminal procedure extend this procedure to enhancements based on prior convictions. *See State v. Talbert,* 622 N.W.2d 297, 301 (Iowa 2001); Iowa R.Crim. P. 6(5), 18(9).

2. In *State v. Rettinghaus,* 591 N.W.2d 15 (Iowa 1999), decided prior to *Apprendi,* we observed that some federal courts had concluded that "a sentencing judge is not required to employ greater formality in gathering critical sentencing data simply because a fact has a measurable or quantifiable effect on

This holding has application to those situations in which a court is not permitted to impose sentence beyond a statutorily imposed limit in the absence of a finding that a statutorily prescribed sentencing factor has been established.

As the Court further observed:

> We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case.

*Id.* at 481, 120 S.Ct. at 2358, 147 L.Ed.2d at 449. *Apprendi* has no application to the present case because all of the sentences imposed on defendant were within the limits of the basic sentencing statutes for those offenses of which he was found guilty. The imposition of consecutive sentences did not depend on the finding of a statutorily prescribed fact. *See Stradt v. State*, 608 N.W.2d 28, 30 (Iowa 2000) (each count is a separate offense and court may impose separate and distinct sentences, which are cumulative and are to run consecutively).

Courts have generally recognized that statutes which afford discretion to a sentencing court to impose consecutive sentences do not violate due process. *E.g., Roy v. Watson*, 669 F.2d 611, 612 (9th Cir.1982); *People v. Toliver*, 251 Ill.App.3d 1092, 1100, 191 Ill.Dec. 290, 623 N.E.2d 880, 886 (1993); *State v. Adkins*, 236 Kan. 259, 689 P.2d 880, 884 (1984). Defendant has failed to demonstrate the procedures under which his sentence was imposed violated due process.

## V. Whether the Judge Who Imposed the Original Sentence Should Have Recused Himself on Resentencing.

Defendant contends that the sentencing judge should have honored his request that the judge recuse himself because he had presided over the original trial and sentencing and had formed opinions concerning defendant's culpability. Defendant contends that it was impossible for Judge Bower to approach resentencing with an open mind. Judge Bower denied defendant's request and expressed confidence that he was not biased from any extrajudicial source.

■■■ Only personal bias or prejudice stemming from an extrajudicial source stands as a disqualifying factor per se. *State v. Smith*, 282 N.W.2d 138, 142 (Iowa 1979); *State v. Haskins*, 573 N.W.2d 39, 45 (Iowa Ct.App.1997). Judges are routinely asked to review their own prior rulings. The Supreme Court has stated in this regard:

> The judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task.

*Liteky v. United States*, 510 U.S. 540, 550–51, 114 S.Ct. 1147, 1155, 127 L.Ed.2d 474,

---

a sentence as opposed to an immeasurable, but nonetheless material, effect." *Rettinghaus*, 591 N.W.2d at 17. We then declared that "[o]utcome determinative sentencing data need only be found to exist by a preponderance of the evidence." *Id.* Obviously, these conclusions must be modified to conform to the directives laid down in *Apprendi*.

488 (1994). Defendant's convictions in the present case did result from a bench trial. We find no basis for concluding that the sentencing judge abused his discretion in failing to recuse himself.

## VI. *Adequacy of Reasons For Consecutive Sentences.*

■ In giving reasons for the consecutive sentences imposed on defendant, the sentencing judge declared that he believed these sentences were called for because of the enormity of the thirty criminal offenses for which defendant had been convicted. As we have mentioned, the statutes under which defendant's sentence was imposed provided for sentences totaling 212 years. In sentencing defendant on twenty-seven of these thirty offenses, the district court imposed concurrent sentences. We conclude that the high degree of culpability, which these offenses demonstrated, was an adequate reason for imposing consecutive sentences for three of the thirty offenses.

■ The fact that the reason given by the judge for consecutive sentences was the same reason that was given for not granting defendant probation does not present a basis for rejecting that reason as the controlling consideration for the imposition of consecutive sentences. That reason adequately supports the district court's decision as to both the denial of probation and the imposition of consecutive sentences.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**