STATE of Iowa, Appellant,

v.

Gary Lee BUTLER, Appellee.

No. 04–0217.

Supreme Court of Iowa.

Nov. 18, 2005.

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, and Brent D. Heeren, County Attorney, for appellant.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds, Assistant State Appellate Defender, for appellee.

TERNUS, Justice.

The issue in this case is whether notice to the defendant is required when the State seeks a sentence beyond the scheduled fine for a traffic offense resulting in death or serious injury. The district court held due process mandated notice and because constitutionally sufficient notice had not been given here, the court could impose only the scheduled fine and not the requested jail sentence. We granted the State's application for discretionary review. Having examined the record and considered the pertinent legal authority, we conclude the State in essence charged the defendant with one crime, but sought to sentence him for a different crime. The

trial court correctly ruled this procedure lacks due process. Therefore, we affirm.

I. *Background Facts and Proceedings.*

On June 22, 2002, a van driven by the defendant, Gary Butler, crossed the centerline of the highway and struck five motorcyclists, killing three and seriously injuring two. A state trooper who investigated the accident concluded that Butler probably fell asleep at the wheel, resulting in the accident. A grand jury brought a five-count indictment against the defendant alleging three counts of homicide by vehicle and two counts of serious injury by vehicle. In addition, the county attorney filed three complaints charging Butler with three traffic violations: (1) failure to yield the right half of the roadway in violation of Iowa Code section 321.297 (Supp.2001); (2) failure to maintain control in violation of Iowa Code section 321.288; and (3) careless driving in violation of Iowa Code section 321.277A. The complaints made no reference to the fact the alleged violations resulted in death or serious injury.

The indictable charges were tried to a jury, and the traffic charges were simultaneously tried to the court. The jury found the defendant not guilty of the indictable offenses. The court found the defendant guilty of violating section 321.297(1) (failure to drive on the right side of the roadway) and section 321.288 (failure to have control) and not guilty of the careless-driving charge.

At sentencing, the State asked the court to impose the maximum allowable sentence for simple misdemeanors: thirty-day jail sentences to be served consecutively and a $500 fine for each conviction. The defendant argued his offenses were scheduled violations carrying a $35 fine. He contended the scheduled fine was the only permissible sentence because the State had failed to give notice in the complaints or otherwise that the State was seeking to increase the standard sentence for these traffic offenses based on the fact the defendant had caused death or serious injury, which is the factual prerequisite for imposing the simple-misdemeanor punishment rather than the scheduled fines. The defendant asserted imposition of the increased penalty without prior notice would violate his due process rights.

Notwithstanding the State's proof that Butler's acts had caused death or serious injury, the district court concluded the State's failure to allege this fact in the charging instrument prevented the court from imposing a sentence beyond the scheduled fines. In reaching this conclusion, the court relied on two cases: *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *State v. Jacobs,* 644 N.W.2d 695 (Iowa 2001). In *Jacobs,* this court summarized the Supreme Court's holding in *Apprendi:*

> The Court in *Apprendi* held that the Fifth Amendment due process clause and the Sixth Amendment notice and jury trial guarantees require that any fact other than a prior conviction that increases the maximum penalty for a crime must be charged in an indictment or information, submitted to a jury, and proved beyond a reasonable doubt.

*Jacobs,* 644 N.W.2d at 698 (citing *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455).

We granted the State's application for discretionary review. Although the State focuses its appellate efforts on distinguishing *Apprendi,* we think the determinative issue on appeal is simply a matter of procedural due process: did the defendant receive constitutionally sufficient notice of the charge against him? Upon our de novo review, *see State v. Mitchell,* 670

N.W.2d 416, 418 (Iowa 2003), we conclude he did not.

## II. *Statutory Framework.*

■ It is helpful to first review the criminal statutes involved in this appeal. "Simple misdemeanors in Iowa fall into two categories, scheduled and nonscheduled violations." *State v. Frazer*, 402 N.W.2d 446, 446 (Iowa 1987). "For scheduled violations the penalty prescribed by statute is a dollar fine in a fixed amount." *Id.* (citing Iowa Code §§ 805.8, 805.11, 911.2). Of particular relevance here is Iowa Code section 805.8, which states in pertinent part:

> Except as otherwise indicated, violations of sections of the Code specified in sections 805.8A, 805.8B, and 805.8C are scheduled violations, and the scheduled fine for each of those violations is as provided in those sections. . . .

Iowa Code § 805.8(1). The offenses of which the defendant was convicted are specified in section 805.8A, so they are scheduled violations. *See id.* § 805.8A(6)(*c* ). The scheduled fine is thirty-five dollars. *See id.* Traffic violations, including those under section 805.8A, may be prosecuted by use of a citation form or through the filing of a complaint. *See id.* §§ 805.6 (authorizing use of uniform-citation-and-complaint form, but stating other charging instruments may be used, such as complaint under chapter 804), 804.1 (providing for the filing of criminal charges by complaint).

Notwithstanding the classification of specified traffic offenses as scheduled violations punishable by a standard fine, the legislature has delineated circumstances under which such violations may be prosecuted as a nonscheduled violation, punishable as a simple misdemeanor. Section 805.11 provides that if "it appears from the evidence that the [scheduled] violation was of the type set forth in section [805.10(1) (*a* )—resulted in death or serious injury [1]], . . . the scheduled fine does not apply and the penalty shall be increased within the limits provided by law for the offense." *Id.* § 805.11. Iowa Code section 903.1 prescribes the penalty for a simple misdemeanor:

> For a simple misdemeanor, there shall be a fine of at least fifty dollars but not to exceed five hundred dollars. The court may order imprisonment not to exceed thirty days in lieu of a fine or in addition to a fine.

*Id.* § 903.1(*a* ). Prosecutions of simple misdemeanors must be commenced by filing a complaint. *See* Iowa R.Crim. P. 2.54.

The traffic violations at issue here were charged in complaints. The complaints set out the traffic laws that were violated (sections 321.297(1) and 321.288) and alleged the facts showing these violations. The complaints did not mention the fact that the defendant's actions resulted in death or serious injury, nor did they refer to the Code provisions authorizing increased penalties under such circumstances. With this background, we now examine the controlling constitutional principles.

## III. *Controlling Constitutional Principles.*

It is well established that the Sixth Amendment right " 'to be informed of the nature and cause of the accusation' " is a component "of the 'due process of law' that

---

1. Iowa Code section 805.10 states that the statute allowing a defendant to avoid a court appearance by signing an admission 'of the violation and by paying the minimum fine before the court appearance date does not apply to a scheduled violation "[w]hen the violation charged involved or resulted in a death or serious injury to a person." Iowa Code § 805.10(1)(*a* ) (2001).

is guaranteed by the Fourteenth Amendment to defendants in the criminal courts of the States." *Faretta v. California,* 422 U.S. 806, 818, 95 S.Ct. 2525, 2532, 45 L.Ed.2d 562, 572 (1975) (citations omitted); *accord State v. Hernandez–Lopez,* 639 N.W.2d 226, 241 (Iowa 2002) ("At the very least, due process requires the defendant to receive formal notice of the charges against him...."); *Comm. on Prof'l Ethics & Conduct v. Behnke,* 276 N.W.2d 838, 843 (Iowa 1979) (stating due process requires "that the accused be informed of the nature and cause of the accusation"). As this court has said, "It is axiomatic that a defendant must have adequate notice of the charges in order to defend against them." *State v. Jeffries,* 430 N.W.2d 728, 734 (Iowa 1988); *accord State v. Marti,* 290 N.W.2d 570, 577 (Iowa 1980) (stating "the defendant should be apprised of the crime charged with sufficient certainty to enable him to prepare his defense").

The defendant contends the constitutionally required notice was deficient here because the fact of death or serious injury was not alleged in the complaint. He relies on a series of United States Supreme Court cases construing the effect of the Fifth and Sixth Amendments on the procedures required for applying sentencing enhancements. We will not review each of these authorities in detail, but we will briefly highlight the most pertinent aspects of this line of cases.

In *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the United States Supreme Court, construing a federal statute, held the Fifth Amendment Due Process Clause and the notice and jury trial guarantees of the Sixth Amendment required that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable

doubt." 526 U.S. at 243 n. 6, 119 S.Ct. at 1224 n. 6, 143 L.Ed.2d at 326 n. 6. In *Apprendi,* which involved a state criminal prosecution, the Court held the Fourteenth Amendment commanded the same answer. 530 U.S. at 476, 120 S.Ct. at 2355, 147 L.Ed.2d at 446. Specifically, the Court stated: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455. Moreover, the Court held, an additional fact that serves to increase the maximum sentence otherwise statutorily authorized "is the functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict." *Id.,* 530 U.S. at 494 n. 19, 120 S.Ct. at 2348 n. 19, 147 L.Ed.2d at 457 n. 19. In a subsequent case, a plurality of the Court observed that when *Apprendi* and an earlier decision, *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), are "[r]ead together," they "mean that those facts setting the outer limits of a sentence, and of the judicial power to impose it, are the elements of the crime for the purposes of the constitutional analysis." *Harris v. United States,* 536 U.S. 545, 567, 122 S.Ct. 2406, 2419, 153 L.Ed.2d 524, 544 (2002); *see also Ring v. Arizona,* 536 U.S. 584, 605, 122 S.Ct. 2428, 2441, 153 L.Ed.2d 556, 574 (2002) (stating government's "characterization of a fact or circumstance as an 'element' or a 'sentencing factor' is not determinative" of what constitutional protections apply).

More recently, the Court defined what the "statutory maximum" penalty was for purposes of determining whether a fact considered at sentencing was an "element" required to be submitted to the jury. *See Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The Court held:

Our precedents make clear ... that the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Id.* at 303–04, 124 S.Ct. at 2537, 159 L.Ed.2d at 413–14 (citations omitted). Thus, if a defendant's authorized punishment may be increased upon the finding of a fact, that fact—"no matter how the State labels it"—is treated as an element of the crime for constitutional purposes. *Ring,* 536 U.S. at 602, 122 S.Ct. at 2439, 153 L.Ed.2d at 572 (holding factual finding authorizing death penalty must be found by a jury beyond a reasonable doubt); *accord United States v. Booker,* 543 U.S. 220, ——, 125 S.Ct. 738, 749, 160 L.Ed.2d 621, 642–43 (2005) (holding federal sentencing guidelines are subject to jury trial requirements of Sixth Amendment).

### IV. *Discussion.*

The State challenges the applicability of *Jones* and its progeny to the present case, arguing the Fourteenth Amendment does not require that every element of the offense be charged in the indictment or complaint. Even if *Jones* and *Apprendi* apply, the State asserts, their holdings would not be violated by imposing the penalties for simple misdemeanors in this case because the penalty for a simple misdemeanor is the "prescribed statutory maximum" for the offenses of which the defendant was convicted.

· The State is correct that the statement in *Jones* that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment" has not been held applicable to state prosecutions. *Jones,* 526 U.S. at 243 n. 6, 119 S.Ct. at 1224 n. 6, 143 L.Ed.2d at 326 n. 6. The Court was careful to point out in *Apprendi,* which involved a state prosecution, that the defendant had not asserted a constitutional claim based on the state's failure to allege the enhancing facts in the charging instrument. 530 U.S. at 477 n. 3, 120 S.Ct. at 2355 n. 3, 147 L.Ed.2d at 447 n. 3. Noting the Fourteenth Amendment had not "been construed to include the Fifth Amendment right to 'presentment or indictment of a Grand Jury,' " the Court stated it would "not address the indictment question separately." [2] *Id.* The Court has held, however, that "[a]n indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." *Almendarez–Torres v. United States,* 523 U.S. 224, 228, 118 S.Ct. 1219, 1223, 140 L.Ed.2d 350, 358 (1998) (citation omitted).

■ We do not think it necessary here to determine whether a state charging instrument must allege each element of the crime as required for federal indictments under *Almendarez–Torres.* The present case can be decided based on the traditional due process requirement that the defendant be given notice of the charge sufficient to enable him to prepare a defense. Sufficient notice was not given here because there were no allegations in the

---

**2.** It appears this court's summarization of the *Apprendi* holding in our *Jacobs* decision was an overstatement to the extent we stated that *Apprendi* required that "any fact other than a prior conviction that increases the maximum penalty for a crime must be charged in an

indictment or information." *Jacobs,* 644 N.W.2d at 698. As noted, the Court made clear it was not addressing that issue in *Apprendi.* See *Apprendi,* 530 U.S. at 477 n. 3, 120 S.Ct. at 2355 n. 3, 147 L.Ed.2d at 447 n. 3.

complaint to alert the defendant to the State's intent to convict and sentence him for a simple misdemeanor based on traffic violations resulting in death or serious injury.

As noted earlier, the State filed separate complaints charging the defendant with violating Iowa Code sections 321.288 and 321.297. The complaints did not include any reference to the fact the defendant's conduct resulted in death or serious injury to other motorists, nor did the complaints cite to sections 805.10(1)(*a*) and 805.11, which authorize jail time and an increased fine under such circumstances. Therefore, the statutory maximum punishment to which the defendant could be sentenced for the charged crimes was the scheduled fine because that was the maximum sentence the judge could impose "*without* any additional findings." *Blakely,* 542 U.S. at 304, 124 S.Ct. at 2537, 159 L.Ed.2d at 414. Only if the court found the additional fact of death or serious injury would the defendant be subject to sentencing under the simple misdemeanor sentencing statute. Because the additional fact—death or serious injury—increased the penalty for the crime beyond the authorized statutory maximum for a scheduled violation, this fact was "the functional equivalent of an element of a greater offense" than the one charged. *Apprendi,* 530 U.S. at 494 n. 19, 120 S.Ct. at 2365 n. 19, 147 L.Ed.2d at 457 n. 19; *accord Harris,* 536 U.S. at 567, 122 S.Ct. at 2419, 153 L.Ed.2d at 544. Thus, the nonscheduled violation—which requires the additional element of death or serious injury—is a different, greater offense than the scheduled violation that lacks this element. *Cf. Apprendi,* 530 U.S. at 494, 120 S.Ct. at 2365, 147 L.Ed.2d at 457 (noting "the effect of New Jersey's sentencing 'enhancement' ... is unquestionably to turn a second-degree offense into a first-degree offense"); *Jones,* 526 U.S. at 243 n. 6, 251–52, 119 S.Ct. at 1224 n. 6, 1228, 143 L.Ed.2d at 326 n. 6, 330–31

(construing federal carjacking statute that imposed enhanced punishment when offense resulted in serious bodily injury or death as defining separate offenses with distinct elements to avoid "serious constitutional questions" under Due Process Clause and Sixth Amendment's notice and jury trial guarantees).

Here, the defendant was charged with scheduled violations, yet the State sought to have him sentenced to jail on the basis it had proved he committed nonscheduled simple misdemeanors. Because the defendant had no notice he was being charged with the greater offenses, he clearly did not have constitutionally sufficient notice of the charges against him. *See In re Matter of Ruffalo,* 390 U.S. 544, 551, 88 S.Ct. 1222, 1226, 20 L.Ed.2d 117, 122 (1968) (holding procedural due process requires that "[t]he charge must be known before the proceedings commence"); *State v. Hibler,* 5 S.W.3d 147, 150 (Mo.1999) ("Due process requires that a defendant may not be convicted of an offense not charged in the information or indictment."); *cf. State v. Dellinger,* 79 S.W.3d 458, 467 (Tenn.2002) (finding no due process violation when defendant given pretrial notice of prosecution's intent to seek enhanced sentence and of factual basis for enhancement). We conclude that to permit a sentence beyond the statutory maximum for the charged scheduled violations would infringe the defendant's Sixth Amendment right "to be informed of the nature and cause of the accusation" against him. We hold, therefore, that the district court was correct when it rejected the prosecution's request to sentence the defendant to jail and impose $500 fines for his traffic-offense convictions.

**AFFIRMED.**