# IN THE COURT OF APPEALS OF IOWA

No. 13-0242
Filed March 12, 2014

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**DUSTIN LEE TRUAX,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


　　　A defendant convicted of two counts of lascivious acts appeals the imposition of consecutive sentences. **AFFIRMED**.


　　　Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Linda Fangman, Assistant County Attorney, for appellee.


　　　Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**TABOR, J.**

This appeal involves a common sentencing challenge: whether the district court offered adequate reasons for imposing consecutive terms. Because we find no abuse of discretion in the district court's reasons expressed for its overall sentencing plan, including its reference to the two different children affected by the defendant's crimes, we affirm.

## I.      Background Facts and Proceedings

A jury convicted Dustin Lee Truax of two counts of lascivious acts with a child, both class "C" felonies,[1] in violation of Iowa Code section 709.8 (2009). The two counts involved separate victims, ten-year-old twin sisters. Truax had been engaged to the girls' mother.

The presentence investigation report (PSI) prepared for sentencing recommended Truax be incarcerated for both offenses and that the sentences be run consecutively.[2] The PSI preparer cited the defendant's "lengthy criminal history" and his continued denial of committing the offenses.

The district court held a sentencing hearing on January 7, 2013. The State recommended indeterminate ten-year sentences on each count, to run consecutive for a total of twenty years. The prosecutor explained why the State believed consecutive sentencing was appropriate:

> First of all, the facts and nature of the particular case. We do have two separate victims. They were two separate little girls who were molested in this case, and because of that, I don't think a concurrent sentence is appropriate. A person should not get credit because they did it to two girls rather than one, and the fact that

---

[1] The trial information lists a class "D" felony, which was a scrivener's error.
[2] The PSI preparer mistakenly referred to indeterminate five-year terms, recommending they run consecutively, for a total of ten years.

there were two girls entrusted to be in his care, who he had assumed a role of a parental role we think goes toward consecutive sentencing.

The prosecutor also argued for consecutive sentences based on Truax's criminal history. She highlighted portions of the PSI for the court, noting the preparer's view that Truax answered questions "in an unrealistically virtuous manner to be seen in a more favorable light" and "doesn't think he needs treatment." The State noted the PSI's somewhat unusual recommendation for consecutive terms, and urged the court to follow that proposal.

As mitigating evidence, defense counsel offered testimony from Truax's wife of two years, who trusted Truax with her nine-year-old daughter. Truax's father also testified on his behalf at sentencing. The defense urged the court to suspend the sentences for both convictions and place Truax on probation.

Following those arguments, the district court sentenced Truax to two indeterminate ten-year terms to be run consecutively. Truax now appeals that sentence, arguing the court did not provide sufficient reasons to impose consecutive sentences.

## II. Standard of Review/Sentencing Principles

We review the sentence ordered for an abuse of discretion. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). We find an abuse of discretion when the sentencing court exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable. *Id.*

A trial court generally has discretion to impose concurrent or consecutive sentences for convictions on separate counts. Iowa Code § 901.8; *State v. Delaney*, 526 N.W.2d 170, 178 (Iowa Ct. App. 1994). A sentencing court may

consider the fact that there were two victims in deciding whether to impose consecutive sentences. *State v. Millsap*, 704 N.W.2d 426, 435 (Iowa 2005).

Our rules of criminal procedure require the court to state—on the record—its reason for choosing a particular sentence. Iowa R. Crim. P. 2.23(3)(d). This requirement includes offering the rationale for imposing consecutive sentences. *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000).

We do not require detailed reasons, only a sufficient basis to allow our appellate review of the discretionary action. *See State v. Evans*, 672 N.W.2d 328, 331 (Iowa 2003). "'A statement may be sufficient, even if terse and succinct, so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Hennings*, 791 N.W.2d 828, 838 (Iowa 2010) (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989)).

In addition, we do not require the reasons "to be specifically tied to the imposition of consecutive sentences, but may be found from the particular reasons expressed for the overall sentencing plan." *Delaney*, 526 N.W.2d at 178. We look to the whole record to find supporting reasons. *Id.* Finally, "[t]he fact that the reason given by the judge for consecutive sentences was the same reason that was given for not granting defendant probation does not present a basis for rejecting that reason as the controlling consideration for the imposition of consecutive sentences." *State v. Jacobs*, 644 N.W.2d 695, 700 (Iowa 2001).

## III.    Analysis

Truax seeks resentencing on the limited question of whether he is deserving of consecutive or concurrent sentences. He claims the district court

erred in failing to provide specific reasons for ordering his indeterminate ten-year terms for lascivious acts to be served consecutively.

At the sentencing hearing, the court pronounced:

> It is the judgment and sentence of the court in each of those cases that you're sentenced to a term not to exceed 10 years under the direction of adult corrections. That you are ordered to pay a fine of $1,000 plus a 35 percent surcharge. The fine and surcharge in this matter will be suspended. The terms of incarceration will not be suspended. You will be ordered to serve those terms, and those terms will run consecutive in this matter for a total of 20 years.
> . . . .
> The court notes your lengthy criminal record, Mr. Truax. Also the fact that the jury found you guilty of lascivious acts with two different children. Those are two children whose lives have been affected by this. The court is also aware that that when you reach prison that you'll be eligible for parole at an earlier time. You won't have to serve 20 years. That amount of time will be based upon how you cooperate with the programs that are given to you down there. If you cooperate, you'll be able to come out on parole sooner. If you don't cooperate and don't accept the help that's there, then the fact that you're looking at a 20-year sentence will mean that you're away from children for a longer period of time.

Truax relies on *Jacobs*, 607 N.W.2d at 690, *State v. Uthe*, 542 N.W.2d 810, 816 (1996), and *State v. Jason*, 779 N.W.2d 66, 76–77 (Iowa Ct. App. 2009), contending that while the district court provided sufficient reasons to support its decision to impose incarceration over probation, it did not articulate specific reasons for ordering consecutive terms.

In response, the State draws our attention to two more recent supreme court cases: *Barnes*, 791 N.W.2d at 827–28 and *Hennings*, 791 N.W.2d at 838–39.

In *Barnes*, the sentencing court noted

> the defendant's long criminal history, the majority of which dealt with crimes involving the taking of other people's property, burglary, and going places where it was illegal for him to go; his lack of any

real work experience; and the court's belief the defendant just did not "get it," had no understanding of the rehabilitation process, and did not understand that he was not supposed to take other people's property.

791 N.W.2d at 827-28. The sentencing court concluded by telling Barnes: "So the best way I can assist you, the best way I can assist the public and protect society is the sentence that I am going to now give you." *Id.* at 828. The court proceeded to impose fifteen years on each of the two counts to run consecutively. *Id.* The sentencing court did not specify which of its reasons supported the consecutive sentences, but the supreme court nevertheless held: "The court's reasons for ordering consecutive sentences were clearly expressed in its overall explanation for the sentence it imposed." *Id.* (citing *State v. Keopasaeuth,* 645 N.W.2d 637, 641–42 (Iowa 2002) (rejecting defendant's argument no reason was given for imposing consecutive sentences: "The State had argued to the court for consecutive sentences, consecutive sentences were imposed, and thereafter reasons for the sentence that had been pronounced were articulated") and *Jacobs,* 644 N.W.2d at 700 (finding same reason adequately supported resentencing court's decision to reject probation and to impose consecutive sentences)).

In *Hennings*, the supreme court rejected a concession by the State that the district court did not state on the record its reasons for selecting consecutive sentences. 791 N.W.2d at 838. The supreme court explained: "The [sentencing] court spoke at length about the information it considered in making a sentencing determination and specifically, what factors influenced its ultimate decision." *Id.* The *Hennings* court concluded: "([i]t is apparent to us that the district court

ordered the defendant to serve his sentences consecutively as part of an overall sentencing plan.)" *Id.* at 839 (citation omitted).

The State defends the district court's exercise of discretion in sentencing Truax to an indeterminate twenty-year term, noting the judge "expressly took into account the nature of the crimes committed, the fact that the defendant committed lascivious acts with two separate children, and the defendant's 'lengthy criminal record.'" The State further argues the sentencing court "explicitly linked the defendant's time in prison to his inclusion and completion of rehabilitation in prison" and to the fact that he would be away from children for a longer period of time if he did not cooperate with treatment. We find the State's argument persuasive.

We acknowledge it would remove all doubt from these kind of sentencing challenges if the district court announced outright on the record something to the effect: "Here are the reasons I am ordering consecutive sentences"—even if those reasons doubled as the grounds for choosing incarceration over probation. But our case law does not require the judge to draw such an overt connection at the sentencing hearing, so long as the reason for consecutive sentences may be "found from the particular reasons expressed for the overall sentencing plan." *See Delaney*, 526 N.W.2d at 178; *Johnson*, 445 N.W.2d at 343.

The record before us is reminiscent of the proceedings in *Johnson* where the State's attorney gave the following sentencing recommendation: "It's my understanding that each of those two counts [of sexual abuse] deals with a separate individual, separate victim, therefore, I would ask the court to give good consideration to running the sentences consecutively because two different

people were in fact victimized as determined by the jury." 445 N.W.2d at 343. The sentencing court agreed and sentenced Johnson to consecutive terms. *Id.*

Similarly here, the prosecutor focused her request for consecutive sentences on Truax's two separate victims. The court echoed the State's reasoning in imposing consecutive terms, noting "[t]hose are two children whose lives have been affected by this." The sentencing court did not discuss the two victims and Truax's "lengthy criminal history" in a generic justification for imposing prison time, but rather in reference to its selection of an indeterminate twenty-year sentence. The court explained to Truax the actual length of his sentence would be determined by his behavior and willingness to get help. But the sentencing court warned: "If you don't cooperate and you don't accept the help that's there, then the fact that you're looking at a 20-year sentence will mean you're away from children for a longer period of time."

The court's overall explanation for Truax's indeterminate twenty-year sentence satisfied the requirements of rule 2.23(3)(d) as interpreted in *Barnes* and *Hennings*. *See Barnes*, 791 N.W.2d at 827–28; *Hennings*, 791 N.W.2d at 838–39. The record is sufficient for us to determine the district court did not abuse its discretion in imposing consecutive sentences.

**AFFIRMED.**