# IN THE COURT OF APPEALS OF IOWA

No. 14-1363
Filed April 8, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ALAN SCOTT LAWTON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

Defendant appeals from a sentence imposed following a remand for resentencing. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, Matthew D. Wilber, County Attorney, and Amy Zacharias, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, C.J.**

Alan Lawton appeals from a sentence imposed following a remand for resentencing for theft in the second degree, as a habitual offender. He maintains the district court mistakenly believed it could not impose a different sentence and thus failed to exercise its discretion. He also maintains the court failed to consider any mitigating factors when resentencing. Because we find the district court properly exercised its discretion during the remand for resentencing, we affirm.

**I. Background Facts and Proceedings.**

Following a jury trial, Lawton was found guilty of theft in the second degree on March 20, 2013. He waived his right to a jury trial and agreed that the habitual offender enhancement would be tried to the bench. The court found he was guilty as a habitual offender. Lawton was sentenced to an indeterminate term of incarceration not to exceed fifteen years.

Lawton appealed his conviction and sentence, and our supreme court transferred the case to the court of appeals. On April 30, 2014, we affirmed the conviction but remanded for resentencing because the trial court failed to articulate reasons for the sentence on the record. *See State v. Lawton*, No. 13-0605, 2014 WL 1715064, at *6 (Iowa Ct. App. Apr. 30, 2014).

Lawton was resentenced on August 4, 2014. The State recommended the court impose the same sentence that was previously imposed. Lawton requested probation with placement at a residential care facility (RCF). Lawton stated, "I would like—yeah, I would like to go to RCF. I would like probation. I feel that, you know, yeah, I done everything I can in prison, serving almost two

years. I can be—you know, functioning, whatever you want to call it, you know, member of society." The court responded:

> And I note that based upon the record before me here that I sentenced you to 15 years in prison based upon the enhancement of that penalty. And the only reason we're here today, sir, and I understand what [Lawton's attorney] has asked for me to reconsider the sentence or to impose a different sentence, but is for me to state why I am imposing the 15-year-sentence, and it's because you have twice been previously convicted of felonies. And that's why the enhancement of the sentence was imposed was because of your prior record.
> . . . .
> All right. So the—and I understand that you feel you've received the maximum rehabilitation you're going to receive through the Department of Correctional Services by way of placement at the institution. However, I can't ignore the fact you have this prior criminal history. And so for purposes of the record, the reason that I imposed previously the 15-year sentence and the reason that I am sentencing you to 15 years today is for the same reasons, because of your prior record. And I feel that—I felt then and I feel now that that was the most appropriate way to protect the public and to impose the punishment that was most appropriate and to give you an opportunity to rehabilitate yourself in view of the fact the lesser means have not been adequate previously.

Lawton appeals.

## II. Standard of Review.

Where, as here, the defendant does not assert the imposed sentence is outside the statutory limits, we review for an abuse of discretion. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* We review both the court's stated reasons made at the sentencing hearing and its written sentencing order. *See State v. Lumadue*, 622 N.W.2d 302, 304 (Iowa 2001).

**III. Discussion.**

Lawton maintains the district court mistakenly believed it did not have the discretion to impose a different sentence at resentencing and thus failed to exercise its discretion. He also maintains the court failed to consider any mitigating factors when resentencing him.

When a remand order does not limit the purpose of the remand, the district court can reconsider all of the discretionary aspects for sentencing based on the offenses for which the defendant was convicted. *State v. Jacob*, 644 N.W.2d 695, 697 (Iowa 2001). Moreover, "[w]hen a sentencing court has discretion, it must exercise that discretion. Failure to exercise that discretion calls for a vacation of the sentence and a remand for resentencing." *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999).

We do not believe the district court failed to exercise its discretion. The court acknowledged Lawton had requested a different sentence but then explained why the same sentence was still warranted. Specifically, the court referenced Lawton's two felony convictions as well as the best way to protect the public, impose punishment, and provide opportunity for rehabilitation.

Lawton also maintains "[t]he court did not consider any mitigating circumstances or chances at rehabilitation." We note the court expressly stated that one of the reasons for the sentence was "to give [Lawton] an opportunity to rehabilitate [him]self in view of the fact the lesser means have not been adequate previously." We view this statement as describing the court's view of Lawton's chances of rehabilitation in a setting other than prison. The court is not "required to specifically acknowledge each claim of mitigation urged by a defendant."

*State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Moreover, "the failure to acknowledge a particular sentencing circumstance does not mean it was not considered." *Id.*

Because we find the district court properly exercised its discretion during the remand for resentencing, we affirm.

**AFFIRMED.**