# IN THE COURT OF APPEALS OF IOWA

——————————

No. 25-1271
Filed June 24, 2026

——————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Sean Ryan Sheets,**
Defendant–Appellant.

——————————

Appeal from the Iowa District Court for Cedar County,
The Honorable Stuart P. Werling, Judge.

——————————

**AFFIRMED**

——————————

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

——————————

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Greer, P.J.

1

**GREER, Presiding Judge.**

Sean Sheets appeals the sentence imposed after a panel of this court remanded his case for resentencing because the district court was unaware it had discretion to consider the Iowa Risk Revised (IRR) assessment contained in the presentence investigation report (PSI). *State v. Sheets*, No. 23-1380, 2025 WL 546705, at *5 (Iowa Ct. App. Feb. 19, 2025) (noting the State conceded resentencing was appropriate). This time, Sheets argues that the district court abused its discretion because it failed to "truly" consider the IRR assessment at resentencing because the court imposed the same sentence. Because the district court confirmed at the resentencing hearing that it had read, reviewed, and considered the PSI, including the IRR assessment, and set out proper considerations for the sentence, we find it appropriately exercised its discretion. We affirm Sheets's sentence.

## I. Background Facts and Proceedings.

In 2023, after a jury trial, Sheets was convicted of five counts of second-degree sexual abuse, six counts of lascivious acts with a child, and two counts of indecent contact with a child. *See id.* at *1–3 (discussing facts underlying Sheets's conviction). Before the first sentencing hearing, the Iowa Department of Correctional Services conducted a PSI, including evaluating Sheets with the IRR assessment. The PSI summarized the IRR assessment results, which showed that Sheets scored in the low category for future violence and future victimization.

In the first sentencing order, the district court imposed consecutive sentences on all counts, resulting in a maximum sentence of 189 years with a mandatory minimum sentence of 87.5 years. Sheets appealed the sentence arguing the court incorrectly believed it could not consider the IRR assessment contained in the PSI. *Id.* at *5. We vacated the sentence and

remanded for resentencing for the court to "exercise its discretion in all respects, including considering the risk assessment contained in the PSI." *Id.* (cleaned up). On remand, the district court imposed the same sentence. Sheets appeals.

## II. Standard of Review.

We review criminal sentences for abuse of discretion. *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018). An abuse of discretion occurs "[w]hen the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014). "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "To overcome the presumption the district court properly exercised its discretion, there must be an affirmative showing the court relied on improper evidence." *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (cleaned up).

## III. Analysis.

In this appeal, Sheets argues that the district court did not truly consider his IRR assessment in the PSI during resentencing. Sheets reasons that failure is clear because "[a] court does not sentence an accused to the maximum possible sentence when the accused scores in the *low* category for future violence, the *low* category for future victimization and has no criminal history." Sheets takes issue with the reasons given by the district court in setting his sentence. Those reasons given were summarized in the district court's imposition of the sentence at the resentencing hearing:

> The Court has heard the statements of the defendant, his attorneys, and the attorney for the State. The Court has reviewed the letters in support of the defendant filed. The Court has heard . . . the

victims' statements that were read into the record here. *The Court has also reviewed the PSI including the IRR recommendation, that was the Iowa Risk Revised recommendation that was included as part of that report.*

Based on the nature of this offense, the attending circumstances, the defendant's age, character and propensity for reform, to protect the public and to deter criminal activity, the Court will now impose sentence in this matter which the Court intends to impose the same sentence that was imposed originally. *The Court believes that that sentence maximizes the defendant's opportunity for rehabilitation and reform in a controlled environment, and as indicated previously protects the public from further criminality.*

The sentencing contemplates consecutive sentencing, and the Court believes that consecutive sentencing is required and justified and needed again *to protect the public and to provide this defendant with the maximum opportunity for reform within that controlled environment.*

(emphasis added).

"Absent proof to the contrary, we take the district court's statements at face value." *State v. Rasmussen*, 7 N.W.3d 357, 363 (Iowa 2024) (cleaned up). The district court's explanation contradicts Sheets's claim that the court did not consider the IRR assessment scores. Sheets offered no evidence of any improper factor utilized in establishing his sentence other than his opinion that the court did not take his scores on the IRR assessment into account. Imposing the original sentence on remand is not an abuse of discretion in isolation. *See generally State v. Jacobs*, 644 N.W.2d 695 (Iowa 2001) (affirming imposition of same sentence upon resentencing). From our review of the record, the district court was concerned with protecting the public and providing the opportunity for reform. The court had the discretion to rely on these factors in its sentencing decision. *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (stating that district courts should weigh and consider, among other things, "the nature of the offense, the attending circumstances, defendant's age, character and propensities and

chances of his reform" (citation omitted)). Finally, we recognize the "'strong presumption' that the defendant's sentence is valid because it is within the statutory limit." *Rasmussen*, 7 N.W.3d at 363 (citation omitted). Because the district court considered proper factors, including the IRR assessment, before imposing the sentence, we find it exercised the discretion afforded to it under our caselaw.

### IV. Conclusion.

The district court did not abuse its discretion. We therefore affirm Sheets's sentence.

**AFFIRMED.**