**STATE of Iowa, Appellee,**

v.

**Candace RETTINGHAUS, Appellant.**

**State of Iowa, Appellee,**

v.

**Kirk Eric Swanson, Appellant.**

**No. 98–164.**

Supreme Court of Iowa.

March 24, 1999.

Ryan Rohlfsen and Lorie Loftsgard, Student Legal Interns, and Robert Rigg, Drake University Legal Clinic, Des Moines, for appellants.

Thomas J. Miller, Attorney General, Bridget A. Chambers and Jean C. Pettinger, Assistant Attorneys General, John P. Sarcone, County Attorney, and Michelle Chenoweth, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and CADY, JJ.

CARTER, Justice.

Defendants, Candace Rettinghaus and Kirk Eric Swanson, appeal from the sentences imposed following their convictions of operating while intoxicated, first offense, contrary to Iowa Code section 321J.2(1)(b) (1997). We affirm the district court's sentences.

Defendants were tried on stipulated facts and found guilty. At their sentencing hearing, they each contended that they should be eligible for a deferred judgment or a suspended sentence. The district court found that they were not eligible for either of these sentencing options because Iowa Code section 321J.2(3)(a)(1) (Supp.1997) prohibits the granting of a deferred judgment or a suspended sentence to an OWI violator whose blood alcohol concentration tested above .15. Defendants contend that the district court was required to consider the generally accepted margin of error for the testing procedure in applying the statutory prohibition contained in section 321J.2(3)(a)(1). The blood alcohol concentration tests performed on Rettinghaus and Swanson revealed blood alcohol concentrations of .152 and .156, respectively. Had the recognized margin of error been taken into account, these concentrations would have been reduced to .144 and .148, respectively.

## I. *The Statutory Interpretation Issues.*

■ A. *Whether the statute requires consideration of the margin of error.* Iowa Code section 321J.2(3)(a)(1) provides:

Notwithstanding the provisions of sections 901.5 and 907.3, the court shall not defer judgment or sentencing, or suspend execution of any part of the sentence applicable to the defendant under subsection 2 if any of the following apply:

1. If the defendant's alcohol concentration established by the results of an analysis of the defendant's blood, breath, or urine withdrawn in accordance with this chapter exceeds .15.

Defendants argue that the language "withdrawn in accordance with this chapter" requires the application of the inherent margin of error for the particular testing procedure

involved. This court has rejected that interpretation of the statute in *State v. Guzman-Juarez*, 591 N.W.2d 1, 2 (Iowa 1999). Based on our decision in that case, we must reject defendants' argument.

■ B. *Whether the sentencing element must be stated in the indictment or information and found by the trier of fact.* Defendant argues that the sentencing element embraced in section 321J.2(3)(a)(1) must be stated in the indictment or trial information and that the trier of fact must make a specific finding with respect thereto. As a matter of statutory interpretation, we disagree. Defendants are not correct in asserting that this situation is analogous to that presented in imposing enhanced sentences for possession of a firearm while committing a felony. That sentencing enhancement, as provided in Iowa Code section 902.7, is implemented by specific provisions in Iowa Rules of Criminal Procedure 6(6) and 21(2) that require a specific allegation in the indictment or information and a specific finding by the trier of fact. No similar requirement exists for the sentencing element contained in section 321J.2(3)(a)(1).

## II. *The Due Process Argument.*

■ Defendants contend that, in order to accord them due process of law, a specific fact-finding of the required alcohol concentration based on all of the evidence is required rather than a mere resort to the results produced by a particular chemical testing process. They also urge that due process requires that that finding be based on proof beyond a reasonable doubt. Again, we disagree with defendants' argument. Federal decisions examining the due process implications of fact-finding by a sentencing court that have a profound effect on the sentence to be imposed under inflexible federal sentencing guidelines have merely required that the defendant not be sentenced on materially false information. *United States v. Westbrook*, 986 F.2d 180, 182 (7th Cir.1993); *United States v. Agyemang*, 876 F.2d 1264, 1270 (7th Cir.1989); *United States v. Cifuentes*, 863 F.2d 1149, 1153 (3d Cir. 1988); *United States v. Katzin*, 824 F.2d 234, 240 (3d Cir.1987).

There is no indication that these defendants were sentenced based on materially false information. Other than their claim as to the margin of error, defendants do not challenge the accuracy of the chemical blood analysis performed on them. Based on our interpretation of section 321J.2(3)(a)(1) in *Guzman–Juarez*, it is the test result that triggers the prohibition on sentencing options rather than some independent finding by the court concerning the defendant's blood alcohol content. With respect to the procedural aspects of defendants' due process argument, federal courts have declared that a sentencing judge is not required to employ greater formality in gathering critical sentencing data simply because a fact has a measurable or quantifiable effect on a sentence as opposed to an unmeasurable, but nonetheless material, effect. *Cifuentes*, 863 F.2d at 1153. Outcome determinative sentencing data need only be found to exist by a preponderance of the evidence. *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2419, 91 L.Ed.2d 67, 79 (1986). We have considered all issues presented and conclude that the judgments of the district court should be affirmed.

AFFIRMED.