# IN THE SUPREME COURT OF IOWA

No. 30 / 06-0203

Filed April 27, 2007

**STATE OF IOWA,**

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR
JOHNSON COUNTY,**

Defendant.

---

Certiorari to the Iowa District Court for Johnson County, Amanda P. Potterfield, Judge.

The State contends the district court exceeded its statutory authority when it granted the defendant a deferred judgment. **WRIT SUSTAINED; SENTENCE VACATED; REMANDED FOR RESENTENCING**.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, J. Patrick White, County Attorney, and Rachel Zimmermann and Iris Frost, Assistant County Attorneys, for plaintiff.

Jerald W. Kinnamon and J. Dean Keegan, Cedar Rapids, for defendant.

**HECHT, Justice.**

The State filed a petition for writ of certiorari alleging the district court exceeded its statutory authority in granting David Jensen a deferred judgment. We conclude Iowa Code section 321J.2(3)(*a*)(1) (2005) prohibits a deferred judgment under the circumstances of this case. We consequently sustain the writ, vacate the sentence, and remand for resentencing.

### I.     *Background Facts.*

On January 31, 2005, between approximately 9:00 p.m. and 9:50 p.m., David Jensen drank three double scotches at a bar in Solon, Iowa. At 10:03 p.m., the Johnson County Sheriff's Department received a call indicating a vehicle had been driving erratically and doing "donuts" on the road. Deputy Mark Prentice arrived at the location of the dispatch and found Jensen walking along the road, his car in a ditch. The deputy detected the odor of an alcoholic beverage on his breath, slurred speech, unsteady balance, and red, glassy eyes. The deputy administered three standardized field sobriety tests and a preliminary breath test, all of which indicated impairment.

Jensen was transported to the University of Iowa Department of Public Safety for additional testing. At 11:28 p.m., Jensen took a DataMaster breath test, which indicated a .170 alcohol concentration.

### II.     *Background Proceedings.*

The State charged Jensen with operating while intoxicated (OWI), in violation of Iowa Code section 321J.2(1)(*a*) (operating a motor vehicle while under the influence of alcohol) and section 321J.2(1)(*b*) (operating a motor vehicle while having an alcohol concentration of .08 or more). Jensen filed a written plea of guilty to the crime of operating a motor vehicle while under the influence, in violation of section 321J.2(1)(*a*). However, in his written

plea, Jensen requested a deferred judgment, expressly denying the State's allegation that he had driven with an alcohol concentration above .08. The State moved unsuccessfully to set aside the guilty plea because of Jensen's denial of this allegation.

At Jensen's sentencing hearing, the parties disputed Jensen's eligibility for a deferred judgment. The State contended Jensen was ineligible pursuant to Iowa Code section 321J.2(3)(*a*)(1), which prohibits a court from granting a deferred judgment if "the defendant's alcohol concentration established by the results of an analysis of a specimen of the defendant's blood, breath, or urine withdrawn in accordance with this chapter exceeds .15." According to the State, Jensen's DataMaster test indicating a .17 alcohol concentration conclusively rendered him ineligible for a deferred judgment under this provision.

Jensen argued that, under the particular circumstances of his case, the test result did not render him ineligible for a deferred judgment. Experts for both the State and the defense testified at the sentencing hearing that Jensen would not have absorbed enough alcohol for his alcohol concentration to actually have exceeded .15 at the time he was driving. According to Jensen, this evidence rebutted a presumption contained in section 321J.2(8)(*a*):

> The alcohol concentration established by the results of an analysis of a specimen of the defendant's blood, breath, or urine withdrawn within two hours after the defendant was driving or in physical control of a motor vehicle is presumed to be the alcohol concentration at the time of driving or being in physical control of the motor vehicle.

The State responded that this evidentiary presumption is applicable only at trial, not at sentencing. The district court agreed with Jensen and granted a deferred judgment.

The State filed a petition for writ of certiorari to "challenge the authority of the district court to grant a deferred judgment in violation of Iowa Code section 321J.2(3)(*a*)" and "to resolve . . . whether the two-hour evidentiary presumption in section 321J.2(8) applies to the district court's determination [of] whether a defendant is eligible for a deferred judgment under section 321J.2(3)(*a*)(1)." We granted the petition and ordered further proceedings pursuant to the rules of appellate procedure. Iowa R. App. P. 6.303.

### III.    Scope of Review.

Because the State's claim involves statutory interpretation, our review is for correction of errors at law. *State v. Booth*, 670 N.W.2d 209, 211 (Iowa 2003).

### IV.    Discussion.

This case presents a question of statutory interpretation: Whether section 321J.2(3)(*a*)(1) renders Jensen ineligible for a deferred judgment because his breath test indicated an alcohol concentration in excess of .15, in spite of evidence introduced at his sentencing hearing tending to prove his alcohol concentration at the time of driving did not exceed .15. The rules of statutory interpretation that guide our analysis are well settled. When a statute's text is plain and its meaning clear, we do not " 'search for meaning beyond [the statute's] express terms.' " *State v. Knowles*, 602 N.W.2d 800, 801 (Iowa 1999) (quoting *State v. Chang*, 587 N.W.2d 459, 461 (Iowa 1998)). The terms of a statute must be enforced as written. *Brown v. Star Seeds, Inc.*, 614 N.W.2d 577, 579 (Iowa 2000).

Statutory text may express legislative intent by omission as well as inclusion. *State v. Miller*, 590 N.W.2d 45, 47 (Iowa 1999). The court "may not . . . enlarge or otherwise change the terms of a statute as the legislature

adopted it." *Id.* When a proposed interpretation of a statute would require the court to "read something into the law that is not apparent from the words chosen by the legislature," the court will reject it. *State v. Guzman-Juarez*, 591 N.W.2d 1, 2 (Iowa 1999).

We conclude the text of section 321J.2(3)(*a*)(1) clearly indicates its application does not depend on proof that an alcohol concentration of .15 or above existed at the time of driving. The statute prohibits the granting of a deferred judgment when "the defendant's alcohol concentration established by the results of an analysis of a specimen of the defendant's blood, breath, or urine withdrawn in accordance with this chapter exceeds .15." Jensen asks us to rewrite the statute to deny a deferred judgment to any defendant whose "alcohol concentration . . . exceeded .15 *at the time of driving.*" We have no authority to do so. *Guzman-Juarez*, 591 N.W.2d at 2 (rejecting a defendant's interpretation of section 321J.2(3)(*a*)(1) that would require "read[ing] something into the law that is not apparent from the words chosen by the legislature").

We rejected a similar invitation to add words to section 321J.2(3)(*a*)(1) in *State v. Rettinghaus*, 591 N.W.2d 15, 16 (Iowa 1999). In that case, two defendants were found guilty of OWI, first offense, in violation of section 321J.2(1)(*b*). *Rettinghaus*, 591 N.W.2d at 16. The intoxilyzer measured their blood alcohol concentrations at .152 and .156. *Id.* At sentencing, the defendants asserted they were eligible for deferred judgments because when the intoxilyzer's margin of error was taken into account, their alcohol concentrations would have been reduced to .144 and .148, respectively. *Id.* The district court concluded the defendants were ineligible for deferred judgments under section 321J.2(3)(*a*)(1). *Id.* We held the district court appropriately sentenced them based on their alcohol concentration test

results because they did not dispute the accuracy of the results. *Id.* at 17. We stated test results, not "some independent finding by the court concerning the defendant's blood alcohol content," trigger the section 321J.2(3)(*a*)(1) limitation on sentencing options. *Id.*

We find no merit in Jensen's assertion that our interpretation of section 321J.2(3)(*a*)(1) must be driven by the section 321J.2(8)(*a*) presumption that the alcohol concentration contained in a specimen withdrawn within two hours after the defendant drove is presumed to be the concentration at the time of driving. The focus of section 321J.2(8)(*a*) is expressly upon the concentration of alcohol in the defendant's body *at the time of driving* because that is the temporal focus of a charge filed under section 321J.2(1). Although the legislature could have incorporated a similar temporal focus as a feature of sentencing in section 321J.2(3)(*a*)(1), it did not do so. We conclude the omission signals a legislative intent to deny a deferred judgment to any defendant whose alcohol concentration exceeds .15 in a specimen withdrawn pursuant to chapter 321J, notwithstanding the concentration might have been lower than .15 at the time the defendant drove a vehicle.

In spite of the clear statutory language governing this case, Jensen insists there must be a connection between proof of the elements of the crime and the availability of sentencing options. He contends sound policy should preclude the sentencing of a defendant for violation of section 321J.2 based on a determination of his alcohol concentration at a time other than when he drove. We disagree. The legislature may direct a court to sentence a defendant based on policy considerations and statutory criteria that are distinct from the precise elements of the crime of which the defendant has been convicted. *See, e.g.,* Iowa Code § 321J.2(3)(*a*)(2)-(3) (sentencing enhancements for defendants who have previously been

convicted of OWI or have previously received a deferred judgment or sentence for OWI); *id.* § 901A.2 (sentencing enhancements for defendants previously convicted of sexually predatory offenses); *id.* § 902.8 (minimum sentences for habitual offenders). The legislature has done so in section 321J.2(3)(*a*)(1) by prescribing that a defendant convicted of violating section 321J.2(1) shall be ineligible for a deferred judgment if the alcohol concentration in a blood, breath or urine sample withdrawn under chapter 321J exceeds .15, without regard to the fact that the concentration may have been lower when he drove while under the influence of alcohol or with an alcohol concentration of .08 or more.

Chapter 321J makes it illegal to operate a motor vehicle while having an alcohol concentration in excess of .08 or at such concentration as to render the operator under the influence of alcohol. *Id.* § 321J.2(1)(*a*)-(*b*). Section 321J.2(3)(*a*)(1) evidences the legislature's policy choice to enhance deterrence of a particular subset of behavior: driving after drinking a sufficient quantity of alcohol to produce an alcohol concentration in excess of .15. The enhanced deterrence takes its form in a limitation on the district court's discretion in sentencing defendants who have consumed enough alcohol before driving to test in excess of .15. This sentencing parameter is the functional equivalent of a sentencing enhancement distinct from the elements of the underlying charge. Jensen was convicted of a violation of section 321J.2(1)(*a*) for operating while under the influence of alcohol, and he was ineligible for a deferred judgment because the breath specimen drawn in connection with the charge evidenced an alcohol concentration in excess of .15. Accordingly, we sustain the writ, vacate the sentence and remand for resentencing consistent with this opinion.

**WRIT SUSTAINED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**