CADY, Chief Justice
(dissenting).
I respectfully dissent.
I disagree with the majority’s arrest and release interpretation of the material witness statutes. Under that interpretation, a material witness may be arrested if he or she would be unavailable for service of a subpoena, but then must be released once the trial subpoena has been served. According to the majority, release must occur even if the witness has given every indication that he or she will disregard the trial subpoena. This interpretation seems impractical; renders Iowa’s statute different from other material witness statutes in the nation; and, most importantly, is inconsistent with the statutory language.
Iowa Code section 804.11 allows a material witness to be arrested when he or she “might be unavailable for service of a subpoena.” Iowa Code § 804.11 (2009). Once arrest is made, however, the legislature further provided in section 804.23 that the witness would be brought to a magistrate who “may order the person released pursuant to section 811.2.” Section 811.2 is a general provision governing the release of all bailable defendants. Id. § 811.2. It contains an overall requirement that the conditions of release “reasonably assure the appearance of the person for trial.” Id. § 811.2(1).
Thus, as I read section 804.23, it incorporates a standard for release of the individual from section 811.2 — namely, that the conditions for release will reasonably assure the appearance of the individual at trial. I believe this is what we said in State v. Hernandez-Lopez, 639 N.W.2d 226 (Iowa 2002), in which we discussed the linkage between section 804.23 and section 811.2. See Hernandez-Lopez, 639 N.W.2d at 237 (noting that, following the arrest of the material witness, “[t]he magistrate may then exercise his or her discretion to release the individual pursuant to section 811.2, or further confine the individual in *163 accordance with the terms of an appearance bond”); see also id. at 238 (stating that, after the arrest of the material witness, “[s]ection 804.23 explicitly permits the magistrate to exercise his or her discretion and order the release of an arrested individual [and concluding] this discretionary authority also includes the power to consider and impose other less restrictive alternatives, such as the pretrial release methods proposed by the defendants” (citing Iowa Code § 811.2)).[1]
Accordingly, while the statute predicates arrest on a likelihood of the material witness being unavailable for service of a subpoena, the overall thrust of the statute, like other material witness statutes around the country, is to assure that material testimony in a criminal case is presented at the trial.
The majority argues that the arrest of a material witness and the continued detention of a material witness cannot be governed under different standards. They maintain, “It logically follows that if the basis for the arrest of a material witness is eliminated, there can be no basis for a continued detention.” But why? The two fact-specific cases cited by the majority do not support their broader proposition.[2] In reality, it happens all the time that a person is arrested for one criminal charge but is then detained because of a different criminal charge even though the original grounds for arrest turned out on further investigation to be unsupported. See, e.g., State v. Bradford, 620 N.W.2d 503, 508 (Iowa 2000) (holding police properly arrested defendant for harassment and noting propriety of subsequent detention based on different charge).[3] “Catch and release” is not required here.
The majority acknowledges that, when interpreting statutes, it is bound by what the legislature has written, not by what it might have written. See Ranniger v. Iowa Dep’t of Revenue & Fin., 746 N.W.2d 267, 270 (Iowa 2008). Further, it acknowledges that we may not write into the statute anything that is not apparent from the words chosen by the legislature. See State v. Iowa Dist. Ct., 730 N.W.2d 677, 679 (Iowa 2007). Yet, it does both in this case by resorting to policy considerations on the controversial area of detaining witnesses and by assuming that detention may not continue once its initial purpose has been served.
I recognize that witness detention statutes raise serious constitutional concerns. Hemandez-Lopez addressed a number of those concerns and made it clear that constitutional due process is an important lim *164 itation on these statutes. See Hernandez-Lopez, 639 N.W.2d at 237-42. Courts should be diligent in assuring that material witness laws are not abused and that any detentions of material witnesses fully comply with due process. But the present case is about statutory interpretation, not constitutional limits. I would decline to hold that Iowa’s legislature enacted a statute that permits the state to hold a witness only until he or she is served with a trial subpoena and then requires an unconditional release of the witness. Rather, I would read sections 804.11, 804.23, and 811.2 in tandem, as we did in Hernandez-Lopez and as I believe the statutes are written.
Even if section 811.2 (despite the explicit reference to it in section 804.23) is not read to provide the relevant standards for holding and releasing material witnesses, our legislature is not required to address or resolve all issues in enacting statutes. Knepper v. Monticello State Bank, 450 N.W.2d 833, 837 (Iowa 1990) (“Reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind.”). Instead, the general assembly may address specific subjects and issues in enacting statutes and leave other related issues for resolution by other means, including application of constitutional law. Id. The legislature can express its intent by what it says just as well as it can by what it does not say. Eaton v. Iowa Emp’t Appeal Bd., 602 N.W.2d 553, 556 (Iowa 1999). If the legislature failed to address release beyond the initial appearance in the statute, then we should find that it left the matter to be resolved on a case-by-case basis through the application of the due process clause. It contemplated, therefore, that the witness would be released as required by the due process clause.
I acknowledge that even my construction of the statute does not whisk all the lumps from the batter. Both the majority and I agree that a material witness cannot be arrested in the first place unless he or she would be unavailable for service of a subpoena. See Iowa Code § 804.11. This seems a bit incongruous. Does it mean that, if the trial date is already set and the witness’s present whereabouts are known, the person cannot be arrested as a material witness regardless of future intention to flee the jurisdiction? The answer appears to be yes. But, in Marshall’s case, and in many other instances, the arrest of the material witness will occur before any trial date is known (or even before charges are filed). In such a case, so long as section 804.23 is read to incorporate section 811.2, the statute can properly serve its intended purpose of actually assuring the material witness’s presence at trial. To put it another way, the existence of one gap in the statute as enacted is no reason for us to create bigger gaps that the legislature did not enact.
For these reasons, I would reverse the district court.
WATERMAN and MANSFIELD, JJ., join this dissent.

. Iowa’s material witness statute is similar to the federal material witness statute in that it permits a witness to be arrested, 18 U.S.C. § 3144 (2006), but then incorporates the normal bail statute, id. § 3142, to govern the release of the arrested person. In applying the bail statute, however, the federal courts apply a commonsense approach so that only those portions of the bail statute that fit the material witness scheme are applied. In re Material Witness Warrant, 213 F.Supp.2d 287, 295 (S.D.N.Y.2002).

. Both Lee v. City of Los Angeles, 250 F.3d 668, 683 (9th Cir.2001), abrogated on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir.2002), and Panfil v. City of Chicago, 45 Fed.Appx. 528, 534 (7th Cir.2002), involved individuals who remained in detention even though there were no grounds to hold them.

.The historical and well-established rule is that even an illegal arrest does not deprive a court of jurisdiction to proceed against the defendant in a criminal case. See 1 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 1.9(b), at 341 (4th ed.2004). If even an illegal arrest does not invalidate continued detention, it is difficult to see why the loss of the original grounds for a proper arrest would matter, so long as otherwise sufficient grounds for detaining the person remain.