# IN THE COURT OF APPEALS OF IOWA

No. 22-2011
Filed September 27, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KRYSTYNAH NICHOLE HANSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wayne County, Dustria Relph,

Judge.


        A defendant appeals her sentence for possession with intent to deliver

methamphetamine.  **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney

General, for appellee.


        Considered by Greer, P.J., and Schumacher and Badding, JJ.

**SCHUMACHER, Judge.**

Krystynah Hanson appeals her sentence for possession with intent to deliver methamphetamine.  She argues the district court abused its discretion in ignoring certain mitigating factors and penalized her for not having her mental-health and substance-abuse evaluations available to the court at sentencing.  Hanson also argues the district court abused its discretion in considering an unproven criminal offense.  Finding no abuse of discretion, we affirm.

## I.  Background Facts and Prior Proceedings

Hanson pled guilty on October 7, 2022, to possession with intent to deliver methamphetamine, less than five grams, a class "C" felony.  She admitted to knowingly possessing less than five grams of methamphetamine and also admitted her intention to share the drug or deliver the drug to another person.

In December 2022, the court accepted Hanson's guilty plea.  Hanson was sentenced to an indeterminate term of imprisonment not to exceed ten years.  The court detailed the reasoning for Hanson's sentence, citing Hanson's age, job history, criminal history, family circumstances, need for rehabilitation, and other factors.  The court noted that Hanson had a recent arrest for possession of drugs in September 2022, which was included in the presentence investigation report (PSI).

## II.  Standard of Review

Sentencing decisions are reviewed for errors at law, and sentences within the statutory limits are reviewed for abuse of discretion.  *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  This means "[w]e will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing

procedure." *Id.* An abuse of discretion is found when "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* And "a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.*

### III. Sentencing

Hanson argues that the district court committed an abuse of discretion by failing to properly consider mitigating factors concerning her difficulties in obtaining a substance-abuse and mental-health evaluation. Hanson also asserts it was an abuse of discretion for the court to consider Hanson's failure to produce her evaluation records at sentencing. And Hanson argues that the district court inappropriately considered an unproven criminal offense.

We first address our jurisdiction to hear Hanson's appeal. As Hanson pled guilty, she has no right of appeal absent good cause. *See State v. Patten*, 981 N.W.2d 126, 129 (Iowa 2022) (citing Iowa Code § 814.6(1)(a)(3) (2020)). We determine good cause exists because Hanson challenges only her sentence. *See State v. Damme*, 944 N.W. 2d 98, 109 (Iowa 2020). Accordingly, we proceed to the merits of Hanson's appeal.

### a. **Mitigating Factors** and **Absence of Evaluations**

First, Hanson argues the court ignored certain mitigating factors. "A sentencing court is to consider any mitigating circumstances relating to a defendant." *State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1998). Hanson asserts the court disregarded the difficulty she experienced in getting drug and mental-

health evaluations. She contends these circumstances should have been considered as mitigating factors.

In examining Hanson's claim, we note "the court is not required to acknowledge each mitigating factor urged by the defendant, and just because the court did not mention a factor that does not mean the factor was not considered." *State v. Haler*, No. 20-1349, 2021 WL 2708947, at *2 (Iowa Ct. App. June 30, 2021). After Hanson explained her difficulties getting treatment, the court responded:

> I understand, Ms. Hanson. However, you were released in March. You went into inpatient treatment at Oak Meadow Treatment and Recovery and left the program noncompliant. And then you were referred to Prelude Behavioral Health services inpatient treatment in June and were discharged noncompliant. So the fact that you eventually reported to get an evaluation two weeks before sentencing is a little bit late.

The court also discussed additional factors related to its sentencing decision, beginning: "[I]n determining what I believe is the most appropriate sentence in this case, I have carefully read the entire presentence investigation. I've also reviewed the file and familiarized myself with that. And I've considered your age." After asking Hanson a question, the court continued:

> I've considered your prior criminal history. And, as [defense counsel] said, your criminal history is lengthy. . . .
> I've considered your family circumstances. I've considered the trauma that [defense counsel] talked about. I do understand that you have not had things easy. . . .
> I've considered your need and potential for rehabilitation.

After further discussion with counsel, the court continued:

> So Miss Hanson, as I said, I have taken each of these characteristics and items that we have discussed into consideration as I determine what is the most appropriate sentence in this case. . . .

> And because of that and a host of other things that I have talked about I think that this isn't a case to grant probation because you are in need of corrective assistance that can most effectively be provided by confinement.

We highlight that "we review a sentence for an abuse of discretion based on the entire record." *See State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995). Looking at the whole record, we conclude the court adequately expressed its reasoning for Hanson's sentence, and there is no support for a finding of abuse of discretion. The grounds for the court's actions were not clearly untenable or unreasonable. *See Formaro*, 638 N.W.2d at 724; *Boltz*, 542 N.W.2d at 11.

Second, in a claim closely tied to Hanson's first complaint about the court's failure to acknowledge mitigating factors concerning her evaluation, Hanson argues that the court abused its discretion by "penalizing" her for failing to provide the court with her mental-health and substance-abuse evaluations for sentencing. She claims she completed the evaluations but the agencies overseeing them failed to send them to the court.

We again note that abuse of discretion is "found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). Despite Hanson's claim that she was "penalized" for the missing evaluations, the record shows that the court did not extensively rely on the absence of the evaluations.

The court first stated:

> And I think one of the most striking things to me is the opportunity that you have been given between March and December, nine months, to get into not only inpatient, but any form of outpatient treatment, and you've not taken any opportunity to do that until within

about the last week or possibly two right before sentencing. And even at that there is no proof that that has been provided to anybody in this. Not even to your own attorney, not to the court, not to your— not to the probation officer who is supervising your pretrial release.

The court did not rely solely on Hanson's failure to produce the evaluations but clarified that the missing forms were a symptom of what the court saw as a larger issue, mainly Hanson's failure to complete the evaluations until the eleventh hour.

In deciding on a sentencing option, the court should "consider which sentence 'will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.'" *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999) (quoting Iowa Code § 901.5). Rehabilitation was a factor in Hanson's sentence, the court stating:

And because of that and the host of other things that I have talked about I think that this isn't a case to grant probation because you are in need of corrective assistance that can most effectively be provided by confinement. You can receive substance-abuse treatment and mental-health treatment while you're confined, and I think that you have reached the point where that is what is necessary for you.

To find abuse of discretion in this sentencing decision, it would need to be "for reasons clearly untenable or to an extent clearly unreasonable." *See Thomas*, 547 N.W.2d at 225. We determine the court did not rely on reasons that were clearly untenable or unreasonable.

### b. Consideration of Unproven Criminal Offense.

Hanson also alleges that the court considered an inappropriate factor, an unproven criminal offense, in sentencing. Although an unproven offense is typically an inappropriate sentencing factor, there are some exceptions: "[a] court may not consider an unproven . . . offense when sentencing a defendant unless

(1) the facts before the court show the accused committed the offense, or (2) the defendant admits it." *Witham*, 583 N.W.2d at 678. And "[t]he standard of proof during the sentencing stage is lower than the standard used during trial." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). "Outcome determinative sentencing data need only be found to exist by a preponderance of the evidence." *State v. Rettinghaus*, 591 N.W.2d 15, 17 (Iowa 1999) (citing *McMillan v Pennsylvania*, 477 U.S. 79, 91 (1986)).

Hanson takes issue with the court's reference to a pending possession of a controlled substance charge: "[t]he next time you were unsuccessfully discharged for using drugs while you were there. You were picked up for drugs I think in September . . . ." This exchange occurred after Hanson indicated to the court she had been sober since her release from jail. This was information that appeared in the PSI, and unchallenged information in a PSI is sufficient for consideration in sentencing. *Witham*, 583 N.W.2d at 678. "In determining a defendant's sentence, a district court is free to consider portions of a presentence investigation report that are not challenged by the defendant." *Grandberry*, 619 N.W.2d at 402 (Iowa 2000).

Hanson did not challenge the accuracy of the PSI. At sentencing Hanson's counsel stated:

> Your honor, we have received a copy of the presentence investigation report. We know of no . . . deletions, or corrections . . . .
> . . . .
> We know—we have no objection to the court considering the presentence investigation report for the purposes of sentencing this morning, and know of no legal reason why judgment and sentence cannot now be pronounced.

After the court's statements on Hanson's criminal history, defense counsel requested clarification from the court on several issues, including the date of Hanson's last positive drug test. But counsel did not dispute the accuracy of the PSI.[1] At times when a defendant has made no corrections to a PSI that has been presented to them, the district court can properly consider the PSI in sentencing. *Grandberry*, 619 N.W.2d at 402.

We determine the district court did not abuse its discretion and affirm.

**AFFIRMED.**

---

[1] For another charge and conviction listed as part of Hanson's criminal history in the PSI, the court clarified to "that while I did say you were charged with that, it is what you were actually convicted of that I am taking into consideration."