# In The Iowa Supreme Court

No. 23–1371

Submitted October 9, 2024—Filed December 13, 2024

**Silvia R. Cianzio,**

Appellant,

vs.

**Iowa State University, State of Iowa,** and **Board of Regents, State of Iowa,**

Appellees.

Appeal from the Iowa District Court for Polk County, Heather Lauber, judge.

Interlocutory appeal from an order limiting a plaintiff's damages in a statutory wage discrimination claim. **Reversed and Case Remanded.**

McDonald, J., delivered the opinion of the court, in which all participating justices joined. May, J., took no part in the consideration or decision of the case.

Ann E. Brown (argued) of Ann Brown Legal, PC, Cedar Rapids, for appellant.

Brenna Bird, Attorney General; Eric Wessan, Solicitor General; Breanne A. Stoltze (argued) and Tessa M. Register (until withdrawal), Assistant Solicitors General; and Christopher J. Deist, Assistant Attorney General, for appellee.

**McDonald, Justice.**

Silvia Cianzio was a professor at Iowa State University. After her retirement, she filed this suit against Iowa State University, the Iowa Board of Regents, and the State of Iowa (collectively, "the University"). As relevant here, she alleged the University discriminated against her in the payment of wages, in violation of Iowa Code section 216.6A (2022). The University moved to dismiss Cianzio's petition, in part, to the extent Cianzio sought damages beyond the 300-day period preceding the filing of her civil rights complaint. *See id.* § 216.15(13). The district court granted the University's motion in part, holding that Cianzio could recover damages beyond the 300-day period preceding the filing of her civil rights complaint, but not beyond the two-year statute of limitations for wage claims set forth in Iowa Code section 614.1(8). In this interlocutory appeal, Cianzio contends the district court erred in granting the University's motion. She argues she can seek damages "[f]or an unfair or discriminatory practice relating to wage discrimination pursuant to section 216.6A," *id.* § 216.15(9)(*a*)(9), "for the period of time for which [she] has been discriminated against," even if more than 300 days prior to filing her civil rights complaint, *id.* § 216.15(9)(*a*)(9)(a)–(b).

I.

In reviewing the district court's ruling on the motion to dismiss, we take the factual allegations in the petition as true. *See White v. Harkrider*, 990 N.W.2d 647, 650 (Iowa 2023). Taken as true, the petition establishes the following. Cianzio earned her Ph.D. from Iowa State University in 1978 and obtained a postdoctoral position with the school. In 1979, she was hired as an assistant professor by the Department of Agronomy. In 1984, Cianzio was promoted to associate professor. In 1995, she was promoted to professor. She held this

position until she retired in December 2020. Throughout her career, Cianzio maintained a specialty in plant breeding with a focus on soybean genetics.

In 2020, prior to her retirement, Cianzio was selected to serve as the chairperson of the department's committee on diversity, inclusion, and equity. The dean of the College of Agriculture and Life Sciences tasked the committee with conducting an employee survey on the "climate" of the department. As part of the survey, the committee reviewed the salaries of the department's professors. The survey revealed that, on average, the male professors in the department were paid more than the female professors. As it related to Cianzio specifically, the survey showed her annual pay was $11,276 to $46,049 less than male professors in her specialty. Cianzio reported her findings to the department chair, the dean and associate dean of the college, and the Iowa State University human resources department. These officials countered that the salary differences were insignificant and that there was no need for further action.

After serving on the committee, Cianzio retired from Iowa State. She received her final paycheck on December 31, 2020. On August 12, 2021, Cianzio filed a complaint with the Iowa Civil Rights Commission (ICRC), alleging employment discrimination on the basis of her gender. On November 22, 2021, the ICRC issued Cianzio a notice of right to sue. Cianzio then filed her petition against the University on January 12, 2022. She asserted two violations of the Iowa Civil Rights Act (ICRA). In count one, Cianzio alleged the University discriminated against her in the payment of wages in violation of Iowa Code section 216.6A. In count two, Cianzio alleged the University discriminated against her in the payment of wages in violation of Iowa Code section 216.6.

The University filed a motion to dismiss, in part, Cianzio's claim arising under section 216.6A. The University asserted that Cianzio failed to state a claim

upon which relief could be granted to the extent Cianzio sought damages for wage discrimination occurring more than 300 days prior to the time she filed her complaint with the ICRC. In support of its argument, the University relied on the statute of limitations for claims arising under the ICRA. That provision provides that a claim arising under the ICRA "shall not be maintained unless a complaint is filed with the commission within three hundred days after the alleged discriminatory or unfair practice occurred." *Id.* § 216.15(13). In the University's view, Cianzio could seek damages for any discriminatory pay differential only as it related to those paychecks issued within 300 days of her complaint, regardless of when the discriminatory pay decision or decisions were made.

Cianzio resisted the motion. She argued that the statute of limitations was not relevant here and that the 300-day limitation period in Iowa Code section 216.15(13) was just that . . . a statute of limitations. So long as her complaint was filed within the statute of limitations, which no one disputed, then the damages available for her timely filed claim were governed by a separate damages provision. That damages provision, passed in 2009, provides the following remedy:

> (9) For an unfair or discriminatory practice relating to wage discrimination pursuant to section 216.6A, payment to the complainant of damages for an injury caused by the discriminatory or unfair practice which damages shall include but are not limited to court costs, reasonable attorney fees, and either of the following:
>
> (a) An amount equal to two times the wage differential paid to another employee compared to the complainant *for the period of time for which the complainant has been discriminated against.*
>
> (b) In instances of willful violation, an amount equal to three times the wage differential paid to another employee as compared to the complainant *for the period of time for which the complainant has been discriminated against.*

*Id.* § 216.15(9)(*a*)(9)(a)–(b) (emphases added); *see also* 2009 Iowa Acts ch. 96, § 3. Relying on this statutory provision, Cianzio contended she was entitled to recover damages for the entire period of time she was subjected to a discriminatory pay practice, within the meaning of the Code, even if that period of time extended beyond the 300 days prior to the date of her ICRC complaint. In her resistance, Cianzio acknowledged that this court held that this damages provision allows damages only as far back as the effective date of the statute. *See Dindinger v. Allsteel, Inc.*, 860 N.W.2d 557, 566 (Iowa 2015) (holding Iowa Code section 216.6A "applies on a prospective basis only to conduct occurring after its effective date of July 1, 2009").

The district court granted the University's motion in part, but it did so on a ground not raised or briefed by the parties. The district court reasoned that Iowa Code section 216.15(9)(*a*)(9) did not "abrogate[] any statute of limitations that may otherwise be applicable to the plaintiff's claim" because such a finding "would lead to impractical and absurd results." It thus rejected Cianzio's argument that she could recover damages for discrimination dating back to the effective date of the statute. The district court also rejected the University's argument that the 300-day statute of limitations established the applicable recovery period for claims arising under Iowa Code section 216.6A. Instead, the district court held that Cianzio could seek damages only for the two-year period prior to filing her complaint based on the two-year statute of limitations for actions "founded on claims for wages or for a liability or penalty for failure to pay wages." Iowa Code § 614.1(8).

## II.

This case presents a question of statutory interpretation and construction, and "our review is for the correction of errors at law." *Doe v. State*, 943 N.W.2d

608, 609 (Iowa 2020). Our task is "to determine the ordinary and fair meaning" of the statutes at issue. *Id.* at 610; *see also State v. Davis*, 922 N.W.2d 326, 330 (Iowa 2019) ("We give words their ordinary meaning absent legislative definition."); *Marshall v. State* (*In re Marshall*), 805 N.W.2d 145, 158 (Iowa 2011) ("We should give the language of the statute its fair meaning, but should not extend its reach beyond its express terms."); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (2012) (defining "fair reading method" as "determining the application of a governing text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued"). We consider the relevant statutes as a whole and in context, "not just isolated words and phrases." *Doe*, 943 N.W.2d at 610 (quoting *Iowa Dep't of Hum. Servs. v. Lohman* (*In re Est. of Melby*), 841 N.W.2d 867, 879 (Iowa 2014)). In conducting our analysis, "[w]e do not inquire what the legislature meant; we ask only what the statute means." *Id.* (alteration in original) (quoting Oliver Wendell Holmes, *The Theory of Legal Interpretation*, 12 Harv. L. Rev. 417, 419 (1899)).

III.

The question presented in this interlocutory appeal is for what period can Cianzio seek damages for the University's allegedly discriminatory pay practices in violation of Iowa Code 216.6A. Cianzio argues that Iowa Code section 216.15(9)(*a*)(9) permits damages for the entire time she was discriminated against dating back to the statute's effective date on July 1, 2009. The University argues that Cianzio can seek damages only for each paycheck issued during the 300-day period prior to the date Cianzio filed her complaint with the ICRC. *See id.* § 216.15(13). The University also defends the district court's order and argues, in the alternative, that the two-year statute of

limitations in Iowa Code section 614.1(8) applies and that Cianzio can seek damages only for each paycheck issued during the two-year period prior to the date Cianzio filed her complaint.

The answer to the question presented becomes clear once a point of confusion is clarified. Iowa Code sections 216.15(13) and 614.1(8) are statutes of limitations. "A statute of limitations bars, after a certain period of time, the right to prosecute an accrued cause of action." *Bob McKiness Excavating & Grading, Inc. v. Morton Bldgs., Inc.*, 507 N.W.2d 405, 408 (Iowa 1993). Iowa Code section 216.15(13) provides that a claim arising under chapter 216 "shall not be maintained unless a complaint is filed with the commission within three hundred days after the alleged discriminatory or unfair practice occurred." Iowa Code section 614.1(8) allows a party to bring an action "founded on claims for wages or for a liability or penalty for failure to pay wages" if the party files an action within two years after the action accrues. These statutes of limitations set the time limit by which a party must pursue an action or claim, but they have no necessary relationship to the damages available for an action or claim that is timely filed.

Consider, for example, Title VII of the Civil Rights Act of 1964. Title VII has its own statute of limitations. *See* 42 U.S.C. § 2000e-5(e)(1) (setting a filing requirement of 180 or 300 days). In 2002, the United States Supreme Court held the statute of limitations "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). Five years later, in *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618, 621 (2007), the Supreme Court held that, in a claim for wage discrimination, the pay-setting decision was the discrete discriminatory act that triggered the statute of limitations for a wage

discrimination claim. According to the Court, the plaintiff's claim in that case was not timely filed and she had no remedy because the pay-setting decision occurred outside the limitations period. *Id.* at 628–29. In response, Congress enacted the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (codified as amended in scattered sections of 29 U.S.C. and 42 U.S.C.). The Act, as codified, specifically defines when an unlawful employment practice occurred with respect to discrimination in compensation:

> (3)(A) For purposes of this section, an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. § 2000e-5(e)(3)(A). The Act also allows a plaintiff to obtain "back pay for up to two years preceding the filing of the charge," *id.* § 2000e-5(e)(3)(B), even though the limitations period for filing a claim remained unchanged, *see id.* § 2000e-5(e)(1) (providing a limitations period of 180 days or 300 days).

The same is true under Iowa law. Within months after Congress passed the Ledbetter Fair Pay Act, Iowa passed its own equal pay law. *See* 2009 Iowa Acts ch. 96, § 2 (codified at Iowa Code § 216.6A (Supp. 2009)); *see also Selden v. Des Moines Area Cmty. Coll.*, 2 N.W.3d 437, 443 (Iowa 2024) ("Iowa Code section 216.6A is 'Iowa's equal pay law.' It is our state's counterpart to the Federal Equal Pay Act, which has similar wording." (citation omitted) (quoting *Dindinger*, 860 N.W.2d at 559)). Like the Ledbetter Fair Pay Act, the Iowa law defines when a discriminatory pay decision occurred. It provides that:

> *b.* For purposes of this subsection, an unfair or discriminatory practice occurs when a discriminatory pay decision or other practice

> is adopted, when an individual becomes subject to a discriminatory pay decision or other practice, or when an individual is affected by application of a discriminatory pay decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

Iowa Code § 216.6A(2)(*b*). The Iowa law also provides that complainants may recover "[f]or an unfair or discriminatory practice relating to wage discrimination pursuant to section 216.6A . . . for the period of time for which the complainant has been discriminated against," *id.* § 216.15(9)(*a*)(9)(a)–(b), even though the statute of limitations period remained unchanged, *see id.* § 216.15(13).

With that clarification regarding the distinction between statutes of limitations and statutes governing damages, the answer to the question presented becomes clear. The statute providing the remedies for violations of section 216.6A is unambiguous. The statute authorizes a claimant to recover "for the period of time for which the complainant has been discriminated against." *Id.* § 216.15(9)(*a*)(9)(a)–(b). It does not mean recovery is limited to two years prior to filing. It does not mean recovery is limited to 300 days prior to filing. It means exactly what it says: the claimant can recover "for the period of time for which the complainant has been discriminated against." *Id.* We thus decline the University's invitation to graft a temporal limitation into the damages statute where none exists. *See Randolph v. Aidan, LLC*, 6 N.W.3d 304, 308 (Iowa 2024) ("[C]ourts don't write statutes. Rather, the legislature writes statutes."); *State v. Iowa Dist. Ct.*, 730 N.W.2d 677, 679 (Iowa 2007) ("When a proposed interpretation of a statute would require the court to 'read something into the law that is not apparent from the words chosen by the legislature,' the court will reject it." (quoting *State v. Guzman-Juarez*, 591 N.W.2d 1, 2 (Iowa 1999))).

Engrafting a temporal limitation on the statutory damages provision is particularly inappropriate here because the legislature largely adopted the

Ledbetter Fair Pay Act but omitted the language limiting damages for backpay awards to two years. Generally, we can infer such an omission was intentional and signals the statutory provision, as modified, means something different. *Cf. Roberts v. Roberts*, 6 N.W.3d 730, 737 (Iowa 2024) ("[W]hen our legislature has varied our statute from portions of a model act, the statute cannot be interpreted consistently with the model act in its entirety." (quoting *State v. Olsen*, 618 N.W.2d 346, 350 (Iowa 2000) (en banc))); *Haskenhoff v. Homeland Energy Sols., LLC*, 897 N.W.2d 553, 610 (Iowa 2017) (Appel, J., concurring in part and dissenting in part) ("When there are textual differences between the ICRA and federal civil rights statutes, . . . . the modeled-after or mirror declarations have no application, and indeed an opposite conclusion may be more appropriate, namely, that differences in text are deliberate and substantive."); *Homan v. Branstad*, 887 N.W.2d 153, 172 (Iowa 2016) ("The general assembly can express its intent by omission, and we cannot 'enlarge or otherwise change the terms of a statute as the legislature adopted it.' " (quoting *Marcus v. Young*, 538 N.W.2d 285, 289 (Iowa 1995))).

Generally, when we conclude the express language of the statute is plain and the meaning is clear, we need not proceed any further with our analysis. *State v. McCollaugh*, 5 N.W.3d 620, 623 (Iowa 2024) ("Our inquiry ends if we find no ambiguity because we do not search for the meaning of a statute 'beyond the express language of a statute when that language is plain and the meaning is clear.' " (quoting *McGill v. Fish*, 790 N.W.2d 113, 118 (Iowa 2010))). Nonetheless, in the interest of full discussion, we note that our interpretation of the relevant statutory provisions in this case was presaged in *Dindinger v. Allsteel, Inc.*, 860 N.W.2d 557. In that case, we answered two certified questions from a federal district court. *Id.* at 559. First, whether the plaintiff could pursue a violation of

section 216.6A for claims that accrued prior to the effective date of the statute. *Id.* Second, whether the plaintiff could recover damages for a wage discrimination claim arising under section 216.6, and if so, what type of damages and for what period of time. *Id.* In answering the second question, we held that a plaintiff's "lost-income recovery is based upon pay that should have been received within the 300-day limitations period set forth in Iowa Code section 216.15(13)." *Id.* at 575–76. We also noted that it appeared that section 216.15(9)(*a*)(9)(a) allowed "the employee to recover for the entire period of discrimination, so long as some equal pay violation occurred within 300 days of the employee's administrative complaint." *Id.* at 572 n.7. We affirm *Dindinger*'s preliminary conclusion today.

Our interpretation of the damages statute is also consistent with what other courts have done in similar circumstances. Federal district courts in Iowa have reached the same conclusion we do today regarding claims for wage discrimination under Iowa law. *See* Order Granting in Part & Denying in Part Defendants' Motion for Summary Judgment at 14, *Rife v. Allsteel, Inc.*, No. 3:19-cv-00023-RGE-CFB (S.D. Iowa July 15, 2020), ECF No. 70 ("The Iowa Supreme Court's interpretation and the plain language of Iowa Code §§ 216.6A and 216.15(9)(a)(9), conflict with Defendants' claim that the phrase 'period of time for which the complainant has been discriminated against' in Iowa Code § 216.15(9)(a)(9) is limited to the 300 days set forth in Iowa Code § 216.15(13)."); *Dindinger v. Allsteel, Inc.*, No. 3:11-cv-00126-SMR-CFB, 2015 WL 11143144, at *14–15 (S.D. Iowa. June 8, 2015) (permitting plaintiffs to recover for discrimination dating back to the effective date of Iowa Code section 216.6A on July 1, 2009). And other state courts with similar statutory provisions have reached the same conclusion we do today. *See Featzka v. Millcraft Paper Co.*, 405 N.E.2d 264, 267 (Ohio 1980) ("By defining 'recovery' in terms of commencement

of the violation, the legislature clearly indicated its intent to permit recovery from the beginning of the prohibited discrimination until its termination."); *Booker v. Boeing Co.*, 188 S.W.3d 639, 649 (Tenn. 2006) ("We further conclude that a plaintiff may seek backpay for the duration of the practice, until it 'ceases[]' . . . .").

In sum, we hold the district court erred in concluding that Cianzio's damages for any alleged violations of section 216.6A are limited by section 614.1(8) to the two-year period preceding the filing of her complaint. The question presented is not whether Cianzio timely filed her claim, the question presented is to what damages she might be entitled upon proving her claim. While a plaintiff asserting a violation of Iowa Code section 216.6A must file his or her complaint within 300 days of one of the discriminatory practices set forth in section 216.6A(2)(*b*), the plaintiff's potential recovery is governed by Iowa Code section 216.15(9)(*a*)(9), which permits damages "for the period of time for which the complainant has been discriminated against" even if such discrimination occurred more than 300 days prior to filing a complaint. This is limited only by the prospective nature of Iowa Code section 216.6A. *See Dindinger*, 860 N.W.2d at 566.

## IV.

For these reasons, we reverse the district court's order granting the University's motion to dismiss in part and remand this matter for further proceedings consistent with this opinion.

**Reversed and Case Remanded.**

All justices concur except May, J., who takes no part.